UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW MCDERMOTT,  <br><br>                       Plaintiff,  <br><br>   - against -  <br><br>MONDAY MONDAY, LLC  <br><br>                       Defendant. | Docket No. 1:17-cv-9230  <br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Matthew McDermott ("McDermott" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Monday Monday, LLC ("Monday" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of two copyrighted photographs of Daniela Greene, owned and registered by McDermott, a New York based professional photographer. Accordingly, McDermott seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant transacts business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. McDermott is a professional photographer in the business of licensing his photographs to online and print media for a fee having a usual place of business at 23-38 33rd Street, 2F, Astoria, New York 11105.

6. Upon information and belief, Monday is a limited liability company with a place of business at 3501 W. Elder Street, Suite 110, Boise, ID 83705. At all times material, hereto, Monday has owned and operated a website at the URL: www.MondayMondayNetwork.com (the "Website").

## STATEMENT OF FACTS

A. **Background and Plaintiff's Ownership of the Photographs**

7. McDermott photographed Daniela Greene (the "Photographs"). A true and correct copy of the Photographs is attached hereto as Exhibit A.

8. Berewsill then licensed the Photographs to the New York Post. On May 3, 2017, the New York Post ran an article that featured the Photographs on its web edition entitled *FBI translator who married ISIS terrorist refuses to talk about tryst*. See https://nypost.com/2017/05/03/fbi-translator-who-married-isis-terrorist-refuses-to-talk-about-tryst/. McDermott's name was featured in a gutter credit identifying him as the photographer of the Photographs. A true and correct copy of the Photographs in the article is attached hereto as Exhibit B.

9. McDermott is the author of the Photographs and has at all times been the sole owner of all right, title and interest in and to the Photographs, including the copyright thereto.

10. The Photographs was registered with the United States Copyright Office and was given registration number VA 2-053-278.

**B.  Defendant's Infringing Activities**

11. Monday ran an article on the Website entitled *FBI Employee Made Stunning Decision During Her ISIS Investigation She...* See http://mondaymondaynetwork.com/politics/fbi-employee-made-stunning-decision-during-her-isis-investigation-she/2/. The article prominently featured the Photographs. A true and correct copy of the article is attached hereto as Exhibit C.

12. Monday did not license the Photographs from Plaintiff for its article, nor did Monday have Plaintiff's permission or consent to publish the Photographs on its Website.

13. Upon information and belief, Monday removed McDermott's gutter credit.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST MONDAY)**
**(17 U.S.C. §§ 106, 501)**

14. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-13 above.

15. Monday infringed Plaintiff's copyright in the Photographs by reproducing and publicly displaying the Photographs on the Website. Monday is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photographs.

16. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

17. Upon information and belief, the foregoing acts of infringement by Monday have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

18. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

19. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photographs, pursuant to 17 U.S.C. § 504(c).

20. Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

**SECOND CLAIM FOR RELIEF**
**INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST MONDAY**
**(17 U.S.C. § 1202)**

22. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-20 above.

23. When the Photographs was first published in the New York Post it contained a gutter credit under the Photographs stating "Matthew McDermott" which is considered contained copyright management information under 17 U.S.C. § 1202(b).

24. Upon information and belief, in its article on the Website, Monday copied the Photographs from the New York Post and intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photographs.

25. The conduct of Monday violates 17 U.S.C. § 1202(b).

26. Upon information and belief, Monday falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

27. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Monday intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photographs. Monday also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photographs.

28. As a result of the wrongful conduct of Monday as alleged herein, Plaintiff is entitled to recover from Monday the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Monday because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

29. Alternatively, Plaintiff may elect to recover from Monday statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Monday be adjudged to have infringed upon Plaintiff's copyrights in the Photographs in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant Monday be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photographs; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

7. That Plaintiff be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).


Dated: Valley Stream, New York
        November 23, 2017

                                                        LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, New York 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Matthew McDermott*