**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
MATTHEW MCDERMOTT,

      Plaintiff,                          CASE NO.: 1:17-cv-9230-DLC

v.

MONDAY MONDAY, LLC,

      Defendant.
------------------------------------------------------------x

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

      Defendant, by and through the undersigned counsel, hereby moves to dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(2). This Court lacks personal jurisdiction over MONDAY MONDAY, LLC, an Idaho limited liability company. For this reason, the Court should dismiss all claims against Defendant, and award Defendant reasonable attorneys' fees.[1]

### FACTUAL BACKGROUND

      Plaintiff brings this case alleging copyright infringement, arising out Defendant's use of two photographs featured in a New York Post article. Plaintiff alleges himself to be a professional photographer having a usual place of business in the State of New York. DE #1, ¶ 5. The Complaint alleges that while Defendant is a limited liability company with a place of business in Idaho, this Court has personal jurisdiction over Defendant because Defendant "transacts business" in New York. DE #1, ¶¶ 3, 6. Plaintiff alleges that Defendant infringed Plaintiff's copyright by reproducing and publicly displaying the photographs on Defendant's website. DE #1, ¶ 15.

---

[1] "The Copyright Act of 1976, 17 U.S.C. § 505, provides in relevant part that in any copyright infringement action 'the court may . . . award a reasonable attorney's fee to the prevailing party as part of the costs.'" *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 519 (1994). *See also Hoepker v. Kruger*, 200 F. Supp. 2d 340, 355 (S.D.N.Y. 2002) (Hellerstein, J.).

Nowhere in the relatively brief Complaint does Plaintiff include any allegations of any business transactions that could serve as the basis for subjecting Defendant to jurisdiction in this District.  Plaintiff fails to establish a basis for this Court to exercise personal jurisdiction over Defendant pursuant to New York's "long arm" statute. Accordingly, the case should be dismissed.

## ARGUMENT

### I.    LEGAL STANDARD

A defense based on lack of personal jurisdiction may be asserted by motion made before a responsive pleading. Fed. R. Civ. P. 12(b)(2).  "Upon such motion, the plaintiff 'bears the burden of showing that the court has jurisdiction over the defendant.' *In re Magnetic Audiotape Antitrust Litig.,* 334 F.3d 204, 206 (2d Cir.2003) (per curiam); *accord DiStefano v. Carozzi N. Am., Inc.,* 286 F.3d 81, 84 (2d Cir.2001); *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez,* 171 F.3d 779, 784 (2d Cir.1999)." *Megna v. Biocomp Labs. Inc.*, 166 F. Supp. 3d 493, 496 (S.D.N.Y. 2016). "Although pleadings and affidavits are construed in the light most favorable to the plaintiff, 'conclusory non-fact-specific jurisdictional allegations or a legal conclusion couched as a factual allegation will not establish a *prima facie* showing of jurisdiction.'" *Am. Lecithin Co. v. Rebmann*, 2017 U.S. Dist. LEXIS 162037, at *13 (S.D.N.Y. Sep. 30, 2017); *see also Int'l Diamond Imps., Inc. v. Oriental Gemco Ny, Inc.*, 64 F. Supp. 3d 494, 505 (S.D.N.Y. 2014).

In determining whether personal jurisdiction exists, first, district courts must determine if there is statutory jurisdiction, and second, "[i]f there is a statutory basis for jurisdiction, the court must then determine whether . . . extension of jurisdiction in such a case would be permissible under the Due Process Clause of the Fourteenth Amendment." *Am. Lecithin Co. v. Rebmann*, 2017 U.S. Dist. LEXIS 162037, at *15 (S.D.N.Y. Sep. 30, 2017) (internal citations omitted); *see also*

*M. Shanken Communs., Inc. v. Cigar500.com*, 2008 U.S. Dist. LEXIS 51997, at *8 (S.D.N.Y. July 7, 2008).

## II.    DEFENDANT IS NOT SUBJECT TO PERSONAL JURISDICTION IN THIS DISTRICT UNDER NEW YORK LAW

### A.    New York's Long-Arm Statute Does Not Provide Jurisdiction Over Defendant

Plaintiff's Complaint alleges that this Court has personal jurisdiction over Defendant "because defendant transacts business in New York." DE #1, ¶ 3. This allegation is unsupported by any factual allegations, and is apparently based on Defendant's alleged ownership and operation of a website. DE #1, ¶ 6. Maintaining a website does not satisfy New York's long arm jurisdiction statute.

C.P.L.R. § 302 allows a court to exercise jurisdiction over a non-domiciliary if the specific cause of action alleged arises from the defendant's contact with New York. *See Overseas Media, Inc. v. Skvortsov*, 407 F. Supp. 2d 563, 571 (S.D.N.Y. 2006). "The New York long-arm statute does not extend . . . to the constitutional limits." *Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 60-61 (2d Cir. 2012). Therefore, if a plaintiff cannot show that the long-arm statute extends to a defendant, then a court need not engage in the constitutional due-process analysis. such is the case here.

New York's C.P.L.R. § 302(a) allows a court to exercise personal jurisdiction over a non-domiciliary who:

> 1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or

> 2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or

3. commits a tortious act within the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he

> (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or

> (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or

4. owns, uses or possesses any real property situated within the state.

"To establish personal jurisdiction under CPLR § 302(a)(1) [as Plaintiff apparently seeks to do[2]] a plaintiff must show (1) that the defendant 'transacted businesss within the state' *and* (2) that the asserted claim 'arise[s] from that business activity.'" *Thackurdeen v. Duke Univ.*, 660 F. App'x 43, 45-46 (2d Cir. 2016) (emphasis added).   In assessing whether a defendant has "transacted business," in this District, courts look to "the totality of the defendant's activities within the forum." *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007) (internal quotation marks omitted).  "New York courts define transacting business as purposeful activity— some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State." *Cont'l Indus. Grp. v. Equate Petrochemical Co.*, 586 F. App'x 768, 770 (2d Cir. 2014).

"[I]n order to exercise personal jurisdiction over a non-resident defendant, something more than the mere posting of information on a passive web site is required to indicate that the defendant purposefully directed his activities at the forum state." *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 253 (2d Cir. 2007) (internal citation omitted); *see also Capitol Records, LLC v. VideoEgg,*

---

[2] Plaintiff has not pleaded any tort causes of action, or that Defendant owns any real property in New York.

*Inc.*, 611 F. Supp. 2d 349, 358 (S.D.N.Y. 2009) (collecting cases for the principle that "mere interactivity [of a website] is not enough to support jurisdiction").

As shown in Plaintiff's submissions at DE #1-3, Defendant's website was a news aggregator that did not sell anything. "'Passive websites', which merely make information available to viewers, have 'been analogized to an advertisement in a nationally-available magazine or newspaper, and [do] not without more justify the exercise of jurisdiction over the defendant.'" *Philpot v. Kos Media LLC*, 2017 U.S. Dist. LEXIS 62135, at *23 (S.D.N.Y. Apr. 21, 2017). "It stretches the meaning of 'transacting business' too far to subject defendants to personal jurisdiction in any state merely for operating a website . . . without some evidence or allegation that commercial activity in that state actually occurred or was actively sought." *Id.*, at *26.

Plaintiff has failed to plead factual allegations sufficient to confer jurisdiction over Defendant, nor could it possibly do so. The conclusory allegation that Defendant transacts business in New York fails to establish personal jurisdiction. Moreover, Plaintiff alleges that Defendant engaged in copyright infringement by reproducing and publicly displaying the photographs on the website. DE # 1, ¶ 15. These are activities that occurred in Idaho and cannot, under the circumstances, confer jurisdiction in this Court.

Defendant's website is "passive." It is a digital newspaper, with sections on Sports, Health & Lifestyle, and Pets, among others. *See* www.mondaymondaynetwork.com (last visited January 16, 2018). Defendant does not sell goods and services on the website, nor does Defendant charge a fee to access its content. Courts in this Circuit do not exercise jurisdiction over those who merely maintain websites that are accessible to New York residents. Plaintiff fails to allege any facts from which it could be inferred that Defendant targeted New York residents, or even that a single New

York resident visited the website, let alone viewed the copyrighted images. [3] in this case, New York long-arm jurisdiction does not reach Defendant in Idaho. There is no personal jurisdiction over the Defendant.

        **B.**      **The Exercise of Personal Jurisdiction Over Defendant Would Violate Due Process**

Only after establishing long arm jurisdiction (which cannot possibly be established in this case) may a court consider whether the exercise of personal jurisdiction satisfied due process considerations. In this case, the clear answer is "no." To determine whether due process has been satisfied, courts analyze both "minimum contacts" with the state and "reasonableness" of subjecting the defendant to jurisdiction in the state. *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 127 (2d Cir. 2002).

A "court may exercise personal jurisdiction over a nonresident defendant only so long as there exist 'minimum contacts' between the defendant and the forum state." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980). "The contracts must be such that 'maintenance of the suit does not offend traditional notions of fair place and substantial justice.'" *MacDermid, Inc. v. Deiter*, 702 F.3d 725, 730 (2d Cir. 2012) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 [1945]).

"'[M]inimum contacts exist where the defendant purposefully availed itself of the privilege of doing business in the forum and could foresee being hauled into court there.'" *Capitol Records, LLC v. VideoEgg, Inc.*, 611 F. Supp. 2d 349, 364 (S.D.N.Y. 2009) (quoting *Bank Brussels Lambert*

---

[3] Even if Plaintiff had alleged that advertising on the website as a basis to confer jurisdiction, such allegations, too, would fail. "Even the sale of advertisements to New York-based companies has been held to be insufficient to establish jurisdiction absent a showing that the defendants intentionally targeted the New York market or 'touted their ability to reach the New York market to anyone.'" *Forties B LLC v. Am. W. Satellite, Inc.*, 725 F. Supp. 2d 428, 433 (S.D.N.Y. 2010). "As New York law makes plain, the 'mere solicitation of business within the state does not constitute the transaction of business within the state' absent some other New York-directed activities." *Girl Scouts of the United States v. Steir*, 102 F. App'x 217, 219 (2d Cir. 2004).

*v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 127 (2d Cir. 2002). There is no basis to conclude that Defendant should have expected to get hauled into court 2,500 miles from its principle place of business.

"As to the minimum contacts requirement, a court must 'evaluate the quality and nature of the defendant's contacts with the forum state under a totality of the circumstances test.'" *Joint Stock Co. Channel One Russ. Worldwide v. Infomir LLC*, 2017 U.S. Dist. LEXIS 29806, at *44 (S.D.N.Y. Mar. 2, 2017). "The minimum contacts analysis 'overlaps significantly' with New York's § 302(a)(1) inquiry into whether a defendant transacted business in the State.'" *Id.*, at *45. Plaintiff has not, and cannot possibly, demonstrate the requisite "minimum contacts," merely based on Defendant's alleged operation of a publicly-viewable website.

If a plaintiff has established minimum contacts, "the defendant has to 'present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" *Eades v. Kennedy, PC Law Offices*, 799 F.3d 161, 169 (2d Cir. 2015) (internal citations omitted). Courts considering the following when determining reasonableness:

> (1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies.

*Eades v. Kennedy, PC Law Offices*, 799 F.3d 161, 169 (2d Cir. 2015).

Even if Plaintiff could establish Defendant has sufficient minimum contracts, which he cannot, all of these factors weigh against finding that New York has jurisdiction over Defendant, and Idaho-based company. Requiring the Defendant to litigate a case in New York, absent minimum contacts, would obviously impose a heavy burden on Defendant. Conversely, where Plaintiff alleges only federal causes of action, New York's interest in vindicating any rights are

negligible.  Idaho and New York have the same interests in protecting copyrighted materials. Moreover, Plaintiff could just as easily obtain the same relief in Idaho.  Subjecting Defendant to suit in New York is unreasonable.

## CONCLUSION

Plaintiff has apparently filed in this District for his own convenience, but has utterly failed to allege any facts sufficient to establish personal jurisdiction over an Idaho company, nor could he possibly do so.  Accordingly, Defendant respectfully request that this Court dismiss this case in its entirety, together with an award of Defendant's reasonable attorneys' fees, and such other and further relief as the Court deems appropriate.

DATED:        January 17, 2018

Respectfully Submitted,

**Law Offices of Nolan Klein, P.A.**
*Attorneys for Defendants*
39 Broadway, Suite 2250
New York, NY 10006
PH:     (646) 560-3230
FAX:   (877) 253-1691

By:   */s/ Valerie K. Ferrier*
        VALERIE K. FERRIER, ESQ. (VF0209)
        ferrier@nklegal.com
        NOLAN KLEIN, ESQ. (NK4223)
        klein@nklegal.com
        amy@nklegal.com

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that a copy of the foregoing instrument was e-filed with the Clerk

of the Court using CM/ECF, this **17th** day of **January,** 2018.

By:  */s/ Valerie K. Ferrier*
      Valerie K. Ferrier, Esq.

<u>**SERVICE LIST**</u>**:**

LIEBOWITZ LAW FIRM, PLLC
Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, New York 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com
*Attorneys for Plaintiff*