UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
MATTHEW MCDERMOTT,                       :    17cv9230(DLC)
                                         :
                    Plaintiff,           :    OPINION AND ORDER
                                         :
         -v-                             :
                                         :
MONDAY MONDAY, LLC,                      :
                                         :
                    Defendant.           :
                                         :
---------------------------------------- X

Appearances:

For the plaintiff:
Richard P. Liebowitz
Liebowitz Law Firm, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580

For the defendant:
Valerie K. Ferrier
Law Offices of Nolan Kelin
39 Broadway, Suite 2250
New York, NY 10006

DENISE COTE, District Judge:

    Plaintiff Matthew McDermott commenced this copyright action on November 23, 2017. After the defendant moved to dismiss for lack of personal jurisdiction, the plaintiff voluntarily withdrew his action without prejudice to refiling. The defendant asserts that it is a prevailing party and has moved to compel the plaintiff to pay attorney's fees and costs in defending against this lawsuit. For the following reasons, the motion is denied.

BACKGROUND

On November 23, 2017, plaintiff filed this action, asserting that the defendant displayed the plaintiff's copyrighted photograph on the defendant's website. The complaint acknowledged that the defendant is an Idaho limited liability company based in Idaho. The complaint asserts personal jurisdiction exists over the defendant because the defendant "transacts business in New York." On November 28, an initial conference was scheduled to occur on February 2, 2018.[1] The defendant was served with plaintiff's complaint on or about November 30.[2]

On January 2, 2018, the defendant served an offer of judgment on the defendant in the amount of $1,000. Then, on January 17, defendant filed a motion to dismiss for lack of

---

[1] The notice of the initial pretrial conference contains explicit language that the plaintiff is to "notify all attorneys in this action by serving upon each of them a copy of" the notice and the Court's individual practices. The plaintiff is "to file proof of such notice with the Court." The plaintiff failed to comply with this notice; the electronic case filing system ("ECF") contains no entry indicating that the plaintiff duly served defendant's counsel with the notice. This is not the first such failure on the part of plaintiff's counsel before this Court and other courts in this district. See, e.g., Steeger v. JMS Cleaning Services, LLC, 2018 WL 671382, 17cv8013(DLC), at *1 (S.D.N.Y. Jan. 26, 2018).

[2] The defendant noted the date of service in a December 13, 2017 letter motion requesting an extension of time to answer or otherwise respond to the complaint. The plaintiff never filed an affidavit of service on ECF.

2

personal jurisdiction.[3]  Defendant, an Idaho-based business, is a digital newspaper that does not charge a fee for its content or sell anything through its website.  It argued that the simple presence of an informational website, without opportunity for sales or other internet-based business transactions, was not enough to establish that the defendant had sufficient contacts with the forum in order to justify personal jurisdiction under either the New York long arm statute or the Due Process Clause.  It asserted that the plaintiff had "apparently filed in this District for his own convenience, but has utterly failed to allege any facts sufficient to establish personal jurisdiction over an Idaho company."

Opposition to the motion to dismiss was due February 7, in the event the plaintiff did not amend his complaint in response to the motion.  Plaintiff did not file any amended complaint or oppose the motion.  Instead, he voluntarily dismissed his suit on January 30.  The same day, defendant filed a letter motion to compel the plaintiff to pay attorney's fees and costs.  He sought fees and costs incurred after January 2 pursuant to Fed. R. Civ. P. 68 due to its $1,000 offer of judgment, and he sought all of this costs and attorney's fees in the action pursuant to the Copyright Act, 17 U.S.C. § 505.

---

[3] On December 14, the defendant's request to extend its time to respond to the complaint to January 18, 2018 was granted.

Plaintiff opposed, arguing that the defendant is not a "prevailing party" under the standard set forth in Buckhannon Bd. and Care Home, Inc. v. West Virginia Dpt. of Health and Human Resources, 532 U.S. 598 (2001), and that Rule 68 does not apply since judgment was not entered for the defendant. Defendant replied on January 31.

## DISCUSSION

Section 505 of the Copyright Act permits a "prevailing party" to recover its reasonable attorney's fees. 17 U.S.C. § 505. "Before deciding whether an award of attorney's fees is appropriate in a given case . . . a court must determine whether the party seeking fees has prevailed in the litigation." CRST Van Expedited, Inc. v. E.E.O.C., 136 S. Ct. 1642, 1646 (2016). While there are various statutes that award attorney's fees to a "prevailing party," the Supreme Court has interpreted the term in a consistent manner across those statutes. Id.

In the context of determining whether a plaintiff has prevailed, the "touchstone" of the prevailing party inquiry is whether there was a "material alteration of the legal relationship of the parties." Id. (citation omitted). "This change must be marked by judicial imprimatur." Id. (citation omitted). A prevailing defendant may recover "fees expended in frivolous, unreasonable, or groundless litigation when the case

is resolved in the defendant's favor, whether on the merits or not." Id. at 1652.

"The congressional policy regarding the exercise of district court discretion in the ultimate decision whether to award attorney' fees does not distinguish between merits-based and non-merits based judgments." Id. Indeed, "one purpose of the fee-shifting provision is to deter the bringing of lawsuits without proper foundation." Id. (citation omitted). The defendant has "fulfilled its primary objective" when the "plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision." Id. at 1651. Defendants can be prevailing parties "even if the court's final judgment rejects the plaintiff's claims for a nonmerits reason." Id.

In copyright cases, "[p]revailing plaintiffs and prevailing defendants are to be treated alike, but attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion." Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994). In determining whether to award attorney's fees, a court may consider factors such as

> frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence . . . so long as such factors are faithful to the purposes of the Copyright Act and are applied to prevailing plaintiffs and defendants in an evenhanded manner.

5

Id. at 534 n.19.  However, a "court may not award fees as a matter of course". Kirtsaeng v. John Wiley & Sons, Inc., 136 S. Ct. 1979, 1985 (2016)(citation omitted).  Nor can a court "treat prevailing plaintiffs and prevailing defendants differently." Id. (citation omitted).

Fee awards in copyright cases should "encourage the types of lawsuits that promote" the purpose of the copyright law, which is to "enrich the general public through access to creative works." Id. (citation omitted).  This requires a court to strike a "balance between . . . encouraging and rewarding authors' creations while also enabling others to build on that work." Id.  Accordingly, in determining whether an award of fees is appropriate, to either a prevailing plaintiff or defendant, a court should give substantial weight to the objective reasonableness of the party's position. Id. at 1986. This standard "encourages parties with strong legal positions to stand on their rights and deters those with weak ones from proceeding with litigation." Id.  "[W]hen a person . . . has an unreasonable litigating position, the likelihood that he will have to pay two sets of fees discourages legal action." Id. at 1986-87.  Applying these principles to plaintiffs, the Court observed that a "copyright holder with no reasonable infringement claim has good reason not to bring suit in the

first instance (knowing he cannot force a settlement and will have to proceed to judgment)." Id. at 1987.

On the other hand, because the objective reasonableness inquiry is only one factor, albeit an important one, the objective reasonableness of a party's position does not control the decision on whether an award of fees is appropriate. Id. at 1988. "[A] court may order fee-shifting because of a party's litigation misconduct, whatever the reasonableness of his claims." Id. at 1988-89. Similarly, an award may be appropriate "to deter repeated instances of . . . overaggressive assertions of copyright claims." Id.

Rule 41, Fed. R. Civ. P, permits a plaintiff, without a court order, to dismiss an action by filing a notice of dismissal "before the opposing party serves either an answer or a motion for summary judgment." Id. at Rule 41(a)(1)(A)(i). "In the absence of any indication by the plaintiff, Rule 41(a)(1) presumes that a voluntary dismissal . . . is without prejudice." Youssef v. Thisman Const. Corp., 744 F.3d 821, 825 (2d Cir. 2014). Such a dismissal is "without prejudice" so long as there has been no previous dismissal based on or including the same claim. Fed. R. Civ. P. 41(a)(1)(B). A second such dismissal operates "as an adjudication on the merits." Id. Accordingly, a voluntary dismissal without prejudice does not operate as a judgment and requires no court action or approval.

See ISC Holding AG v. Nobel Biocare Finance AG, 688 F.3d 98, 111 (2d Cir. 2012)("Rule 41(a)(1)(A) is the only form of dismissal requiring no court action to be effective.")

The parties have not cited, and this Court has not found, cases addressing the impact the CRST decision on a defendant's request for attorneys' fees following a plaintiff's voluntary dismissal of its copyright claims pursuant to Rule 41 in response to a motion to dismiss.  Accordingly, courts have not yet considered whether a defendant may be considered a prevailing party in such circumstances.  Specifically, they have not yet addressed whether a defendant may be a prevailing party for purposes of a fee award under the Copyright Act where there has been no judicial ruling favorable or unfavorable to any party prior to the dismissal of the case.

Here, the plaintiff voluntarily dismissed his claims after the defendant served a Rule 68 offer and filed a motion to dismiss for lack of personal jurisdiction.  In opposition to this motion for fees, the plaintiff does not suggest that he had any non-frivolous reason to believe that there was personal jurisdiction over the defendant in this district.  Based on the record before the Court, it appears that the filing in this district was "frivolous, unreasonable, or groundless."  CRST, 136 S.Ct. at 1652 (citation omitted). Plaintiff's counsel, Richard Liebowitz, is a known copyright "troll," filing over 500

cases in this district alone in the past twenty-four months.[4] Thus, whether or not an attorney's fee award could be properly awarded against the plaintiff under Section 505, such an award against plaintiff's counsel may be appropriate in an exercise of this Court's inherent power.

> The court has inherent power to sanction parties and their attorneys, a power born of the practical necessity that courts be able to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. This power may likewise be exercised where the party or the attorney has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.

Revson v. Cinque & Cinque, P.C., 221 F.3d 71, 78 (2d Cir. 2000) (citation omitted). See also Fed. R. Civ. P. 11 ("[T]he court may impose an appropriate sanction on any attorney . . . ."). In an exercise of this Court's discretion it declines to award fees on this occasion. If Mr. Liebowitz files any other action in this district against a defendant over whom there is no non-frivolous basis to find that there is personal jurisdiction, the outcome may be different.

---

[4] "In common parlance, copyright trolls are more focused on the business of litigation than on selling a product or service or licensing their copyrights to third parties to sell a product or service. A copyright troll plays a numbers game in which it targets hundreds or thousands of defendants seeking quick settlements priced just low enough that it is less expensive for the defendant to pay the troll rather than defend the claim." Creazioni Artistiche Musicali, S.r.l. v. Carlin America, Inc., 2017 WL 33938502017, at *4 (S.D.N.Y. Aug. 4, 2017) (citation omitted).

Finally, the defendant's Rule 68 argument is unavailing. That rule clearly states: "If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d) (emphasis added). In this case, there has been no judgment entered for the defendant. While the defendant is correct that "plaintiff has won nothing" in this case, the defendant nevertheless has not secured a judgment, on the merits or otherwise, and, as such, Rule 68 is inapplicable.

## CONCLUSION

The defendant's January 30 application to compel the plaintiff to pay attorney's fees and costs is denied.

Dated: New York, New York
February 22, 2018

_____
DENISE COTE
United States District Judge