## LAW OFFICES OF NOLAN KLEIN, P.A.    ATTORNEYS & COUNSELORS

**FLORIDA:** WELLS FARGO TOWER
SUITE 1500, ONE EAST BROWARD BLVD.
FT. LAUDERDALE, FLORIDA 33301
PH: (954) 745-0588

**NEW YORK:** 39 BROADWAY
SUITE 2250
NEW YORK, NEW YORK 10006
PH: (646) 560-3230

**NOLAN KLEIN, ESQ.**
Klein@nklegal.com

March 9, 2018

**VIA ECF**
The Honorable Judge Denise Cote
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Matthew McDermott v Monday Monday, LLC*
      *SDNY Case No.: 1:17-cv-09230-DLC*

Dear Judge Cote:

This office represents the Defendant in the above-captioned case. We write to most respectfully request reconsideration of this Court's February 22, 2018 Order, DE # 21, denying Defendant's request for attorneys' fees.

In its Order, citing *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 78 (2d Cir. 2000), the Court rules that its inherent power "may likewise be exercised where the party or the attorney has acted in bad faith, vexatiously, wantonly, or for oppressive reason." DE # 21 at 9. Based upon the record, this Court found that "it appears that the filing in this district was 'frivolous, unreasonable, or groundless." *Id.* at 8. The Order also holds that "Plaintiff's counsel, Richard Liebowitz, is a known copyright 'troll,' filing over 500 cases in this district alone in the past twenty-four months." *Id.* at 8-9.[1] Moreover, this Court noted multiple failures of Plaintiff's counsel to follow the instructions of courts within this District. *Id.* at 2, fn. 1, 2.

Pursuant to its inherent power, "if a court finds 'that fraud has been practiced upon it, or that the very temple of justice has been defiled,' it may assess attorney's fees against the responsible party." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991)

> The imposition of sanctions in this instance transcends a court's equitable power concerning relations between the parties and reaches a court's inherent power to police itself, thus serving the dual purpose of "vindicating judicial authority without resort to the more drastic sanctions available for contempt of court and making the prevailing party whole for expenses caused by his opponent's obstinacy.

---

[1] As this Court stated, the business of a copyright troll is to play "a numbers game in which it targets hundreds or thousands of defendants seeking quick settlements priced just low enough that it is less expensive for the defendant to pay the troll rather than defend the claim." DE #21 at 9.

*Id.*

Plaintiff's counsel appears to have refiled suit against Defendant in Idaho. *See* Case No. 1:18-cv-00079-CWD.[2]  While venue may be more appropriate in that jurisdiction, it does not impact the underlying motivations of the troll, nor the fact that my client has paid thousands of dollars to needless defend a case in this jurisdiction, which should have never been filed here. It is also of no comfort, or recompense, to my client, that this Court may award fees to future defendants sued by Plaintiff's counsel under these same circumstances; to the contrary, this fact only highlights the extent to which they are entitled to fees in this case.

Respectfully, this Defendant should not have to pay legal fees merely to earn the status of being a line in the sand after which fees will be reimbursed to other defendants under the same circumstances. Defendant respectfully requests that this Court reconsider its decision denying Defendant's request for attorneys' fees, which, incidentally, are less than $6,000.00 in total.

We thank the Court for your time and consideration in this matter.

Respectfully Submitted,

**Law Offices of Nolan Klein, P.A.**

By: */s/ Nolan K. Klein*
    NOLAN K. KLEIN
    (NK4223)

NKK/ew
cc: Richard Liebowitz (via ECF)

---

[2] Defendant still maintains the case is wholly without merit, it will nevertheless be forced to commit additional financial resources to defend this new litigation.