

11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580
(516) 233-1660
www.LiebowitzLawFirm.com

March 14, 2018

**VIA ECF**

Honorable Denise L. Cote
United States District Court
Southern District of New York
500 Pearl Street, Rm. 15B
New York, NY 10007

Re:     *McDermott v. Monday Monday, LLC,* 1:17-cv-09230 (DLC)

Dear Judge Cote:

We represent Matthew McDermott in the above-referenced matter. We write in opposition to Defendant Monday Monday, LLC ("Defendant")'s letter motion for reconsideration of the Court's order denying Defendant's request for attorneys' fees pursuant to 17 U.S.C. § 505 of the Copyright Act ("section 505").

Defendant's motion should be DENIED because: (1) as a matter of law, Defendant is not a "prevailing party" under section 505; (2) as a matter of fact, Defendant is not a "prevailing party" because it still must defend the action in Idaho and may ultimately have to pay Plaintiff's fees if found liable for infringement; (3) by filing its motion for reconsideration, Defendant is needlessly multiplying these proceedings in violation of 28 U.S.C. § 1927, because any judicial remedy it seeks is available in Idaho.

**(1)     Section 505 is Inapplicable Because Defendant Has Not Prevailed on the Merits of the Copyright Infringement Claim**

Defendant avers that because Plaintiff dismissed the case without prejudice, Defendant is the "prevailing party" for purposes of the Copyright Act. Defendant's position is patently contrary to existing Supreme Court and Second Circuit law. It is well-established that a copyright defendant does not become a "prevailing party" pursuant to section 505 where the plaintiff has filed a voluntary dismissal *without* prejudice under Rule 41(a)(1). *See, e.g., TRF Music Inc. v. Alan Ett Music Grp., LLC*, No. 06 CIV. 0349 (PKC), 2006 WL 1376931, at *1 (S.D.N.Y. May 18, 2006) (rejecting defendants' argument they were "prevailing parties" under 17 U.S.C. § 505 by nature of plaintiff having voluntarily dismissed the action without prejudice prior to defendants filing an answer or moving against the complaint); *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health & Human Res.,* 532 U.S. 598, 600 (2001) (holding that in order to be considered a prevailing party for purposes of federal fee shifting statutes, a party must "secure a judgment on the merits or a court-ordered consent decree"); *Chambers v. Time*



Liebowitz Law Firm, PLLC

*Warner, Inc.,* 279 F.Supp.2d 362, 365 n. 4 (S.D.N.Y.2003) ("Although *Buckhannon* concerned the fee-shifting provisions of the Fair Housing Amendments Act of 1988 and the Americans with Disability [sic] Act of 1990, it is clear that *Buckhannon* applies with equal force to the fee-shifting provision of the Copyright Act."). Defendant has failed to cite any authority to the contrary.

Here, Defendant cannot be said to have prevailed under the standard set forth in *Buckhannon.* Prior to Defendant answering or moving against the complaint, Plaintiff voluntarily dismissed his claims without prejudice. [Docket #16] Since Defendant had not yet answered, Plaintiff was entitled to do so as of right under Rule 41(a)(1), without seeking leave of Court. *TRF Music Inc.*, 2006 WL 1376931, at *2. "The voluntary dismissal 'lacks the judicial *imprimatur'* to render defendants prevailing parties [under the Copyright Act]. *Id.* (citing *Buckhannon,* 532 U.S. at 605).

**(2)     The Fact that Defendant Must Defend the Action in Idaho Confirms that It Has Not Yet Prevailed**

As Defendant points out, this case has been re-filed in Idaho. Accordingly, Defendant is required to defend the action on the merits and may still be held liable for copyright infringement. Indeed, Defendant may ultimately have to pay Plaintiff's attorneys' fees.

**(3)     Because Defendant Can Seek a Judicial Remedy in Idaho, Its Motion for Reconsideration is Needlessly Multiplying the Costs of Litigation**

By filing its motion for reconsideration, Defendant seeks to multiply these proceedings by litigating the exact same claims, involving identical parties, in two different venues at the same time. Accordingly, the pending motion for reconsideration violates 28 U.S.C. § 1927, which prohibits the very conduct now engaged in by Defendant.

**Conclusion**

For the foregoing reasons, we respectfully request that the Court deny Defendant's motion for reconsideration.

Respectfully Submitted,

/s/Richard P. Liebowitz
Richard P. Liebowitz
Liebowitz Law Firm, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
(516) 233-1660
RL@LiebowitzLawFirm.com

*Counsel for Plaintiff Matthew McDermott*

2

Liebowitz Law Firm, PLLC

Liebowitz Law Firm, PLLC

3