UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MATTHEW MCDERMOTT,

                              Plaintiff,                    Docket No. 17-cv-09230 (DLC)

    - against -


MONDAY MONDAY, LLC

                              Defendant.


**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO REDACT THE TERM "COPYRIGHT TROLL" FROM THE DECISION AND ORDER, DATED FEBRUARY 22, 2018 [Dkt. #21], PURSUANT TO FED.R.CIV.P. 60(b)(1); 60(b)(6)**

# TABLE OF CONTENTS

TABLE OF AUTHORITES ............................................................................................... iii

INTRODUCTION ............................................................................................................ 1

BACKGROUND .............................................................................................................. 4

LEGAL STANDARD ....................................................................................................... 5

KEY DEFINITIONS: PATENT TROLL" v. "COPYRIGHT TROLL" ...................................... 6

ARGUMENT .................................................................................................................. 8

POINT I:    THE DISTRICT COURT IS NOT JUSTIFIED IN LABELING MR. LIEBOWITZ A
            "COPYRIGHT TROLL" ...................................................................................... 8

   A.    THE NUMBER OF CASES FILED BY LIEBOWITZ DOES NOT PROVIDE JUSTIFICATION FOR THE
            COURT'S USE OF THIS HIGHLY PREJUDICIAL AND ODIOUS TERM ....................................9

   B.    LIEBOWITZ LARGELY REPRESENTS INDIVIDUAL PHOTOGRAPHERS AND DOES NOT ITSELF OWN
            OR AGGREGATE ANY COPYRIGHTS ..............................................................................10

   C.    THE RECORD SHOWS THAT LIEBOWITZ LAW FIRM IS PREPARED TO LITIGATE INFRINGEMENT
            CLAIMS TO FINAL JUDGMENT ....................................................................................11

   D.    LIEBOWITZ LAW FIRM HAS NEVER FILED BITTORRENT CASES, MULTI-DEFENDANT JOHN DOE
            CASES, NOR REPRESENTED PORNOGRAPHERS ...............................................................12

POINT II:   JUDICIAL USE OF THE TERM "COPYRIGHT TROLL" HAS BEEN
            EXCLUSIVELY RELEGATED TO *BIT-TORRENT* CASES .................................. 12

POINT III:  IN NON-BITTORRENT CASES, COURTS HAVE CONSISTENTLY EXCLUDED
            OR REJECTED THE TERM "COPYRIGHT TROLL" .......................................... 16

POINT IV:   GIVEN ITS HIGHLY PREJUDICIAL NATURE, COURTS ROUTINELY
            EXCLUDE DEFENDANTS' USE OF THE WORD "TROLL" IN THE CONTEXT
            OF JUDICIAL PROCEEDINGS ............................................................................. 18

POINT V:    AFFIXING BROAD, DEFAMATORY STEREOTYPES TO AN ATTORNEY
            (AND HIS ENTIRE PRACTICE) UNDERMINES FUNDAMENTAL TENETS OF
            EQUALITY AND FAIRNESS .................................................................................. 19

CONCLUSION ............................................................................................................... 20

## TABLE OF AUTHORITES

### CASES

*AF Holdings, LLC v. Does 1-1058*,
    752 F.3d 990, 993 (D.C. Cir. 2014) ........................................................................ 14

*Bell v. Taylor*,
    No. 1:13-CV-00798-TWP, 2014 WL 902573, at *2 (S.D. Ind. Mar. 7, 2014) ................ 2, 9, 17

*BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*,
    199 F. Supp. 3d 958, 988 (E.D. Va. 2016), *aff'd in part, rev'd in part*, 881 F.3d 293 (4th Cir. 2018) ........................................................................................................... 18, 19

*Brownmark Films, LLC v. Comedy Partners*,
    682 F.3d 687, 691–92 (7th Cir. 2012) ...................................................................... 18

*Cobbler Nevada, LLC v. Anonymous Users of Popcorn Time: Does 1–11*,
    No. 3:15-CV-01550-SB, 2016 WL 4238639, at *1 (D. Or. Aug. 10, 2016) ...................... 14

*Cobbler Nevada, LLC v. Cerritos*,
    No. 3:15-CV-01228-SB, 2016 WL 7177527, at *1 (D. Or. Dec. 9, 2016) ......................... 15

*Cobbler Nevada, LLC v. Gonzales*,
    No. 3:15-CV-00866-SB, 2016 WL 8677323, at *1 (D. Or. Dec. 2, 2016), *report and recommendation adopted*, No. 3:15-CV-866-SB, 2017 WL 44948 (D. Or. Jan. 4, 2017) ....... 15

*Combat Zone, Inc. v. Does 1-22*,
    No. CIV.A. 12-30086-MAP, 2013 WL 1092149, at *1 (D. Mass. Feb. 15, 2013), *report and recommendation adopted*, No. 12-CV-30086-MAP, 2013 WL 1092463 (D. Mass. Mar. 14, 2013) ......................................................................................................... 14

*Combat Zone, Inc. v. Does 1-84*,
    No. CIV.A. 12-30085-MAP, 2013 WL 1092132, at *1 (D. Mass. Feb. 20, 2013), *report and recommendation adopted*, No. 12-CV-30085-MAP, 2013 WL 1092458 (D. Mass. Mar. 14, 2013) ......................................................................................................... 14

*Cooper v. Steele*,
    No. 13-CV-2622 SRN/LIB, 2014 WL 3734255, at *2 (D. Minn. July 29, 2014) ................ 14

*Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*,
    No. 2:14-CV-911-JRG-RSP, 2016 WL 4718963, at *2 (E.D. Tex. July 12, 2016), report and recommendation adopted sub nom.

*Core Wireless Licensing S.A.R.L v. LG Elecs., Inc.*,
    No. 2:14-CV-911-JRG-RSP, 2016 WL 4719791 (E.D. Tex. Sept. 8, 2016) ......................... 19

**CASES (continued….)**

*Countryman Nevada, LLC v. Does 1-46*,
   No. 14-CV-1381, 2014 WL 4947587, at *1 (N.D. Ill. Sept. 30, 2014) .................................... 14

*Crazy ATV, Inc. v. Probst*,
   No. 113CV00114RJSDBP, 2015 WL 7281695, at *12 (D. Utah Oct. 16, 2015), *report and recommendation adopted*, No. 1:13-CV-00114, 2015 WL 7274500 (D. Utah Nov. 17, 2015) 14

*Creazioni Artistiche Musicali, S.r.l. v. Carlin Am., Inc.*,
   No. 14-CV-9270 (RJS), 2017 WL 3393850, at *4 (S.D.N.Y. Aug. 4, 2017) .......................... 17

*Creazioni Artistiche Musicali, S.r.l. v. Carlin America, Inc.*,
   2017 WL 33938502017, at *4 (S.D.N.Y. Aug. 4, 2017) ............................................................ 8

*Dallas Buyers Club, LLC v. Doe-73.25.80.53*,
   No. 3:15-CV-733-AC, 2015 WL 5568077, at *1 (D. Or. Sept. 22, 2015) .............................. 14

*Design Basics, LLC v. Drexel Bldg. Supply, Inc.*,
   No. 13-C-560, 2016 WL 5794746, at *7 (E.D. Wis. Oct. 4, 2016), *on reconsideration in part*, No. 13-C-560, 2017 WL 354258 (E.D. Wis. Jan. 24, 2017)...................................... 17, 18

*Design Basics, LLC v. Lexington Homes, Inc.*,
   858 F.3d 1093, 1097 (7th Cir. 2017) ...................................................................................... 18

*Digital Reg of Texas, LLC v. Adobe Sys., Inc.*,
   No. C 12-1971 CW, 2014 WL 4090550, at *12 (N.D. Cal. Aug. 19, 2014) ........................... 19

*DNT, LLC v. Sprint Spectrum, LP*,
   No. CIV.A. 3:09CV21, 2009 WL 5842058, at *1 (E.D. Va. Dec. 1, 2009) ............................. 19

*DNT, LLC v. Sprint Spectrum, LP*,
   No. CIV.A. 3:09CV21, 2010 WL 582164, at *4 (E.D. Va. Feb. 12, 2010) ............................. 19

*F.E.L. Pub'ns, Ltd. v. Catholic Bishop of Chi.*,
   754 F.2d 216, 219 (7th Cir.1985) ......................................................................................... 2, 9

*F.W. Woolworth Co. v. Contemporary Arts*,
   344 U.S. 228, 231–33, 73 S.Ct. 222, 97 L.Ed. 276 (1952)..................................................... 2, 9

*Ferdman v. CBS Interactive Inc.*,
   17-cv-01317 (PGG) .............................................................................................................. 11

*Glacier Films (USA), Inc. v. Turchin*,
   No. 3:15-CV-01817-SB, 2016 WL 4251581, at *4 (D. Or. Aug. 10, 2016) ........................... 14

*Goodman v. Universal Beauty Prod. Inc.*,
   No. 17-CV-1716 (KBF), 2018 WL 1274855, at *1 (S.D.N.Y. Mar. 9, 2018)......................... 11

**CASES** *(continued…)*

*HTC Corp. v. Tech. Props. Ltd.*,
   No. 5-08-cv-00882, 2013 WL 4782598, at *4 (N.D. Cal. Sept. 6, 2013 ................................. 19

*Hydentra HLP Int. Ltd. v. Luchian*,
   No. 1:15-CV-22134-UU, 2016 WL 5942525, at *1 (S.D. Fla. May 31, 2016)................. 17, 18

*Intellectual Ventures I LLC v. Symantec Corp.*,
   No. 10-1067-LPS, 2015 WL 82052, at *1 (D. De. Jan. 6, 2015) ............................................ 19

*International Controls Corp, v. Vesco*,
   556 F.2d 665, 670 (2d Cir. 1977)............................................................................................. 6

*InternetAd Sys., LLC v. Opodo, Ltd.*,
   481 F.Supp.2d 596, 601 (N.D.Tex.2007) ................................................................................. 7

*Janik v. SMG Media, Inc.*,
   No. 16CIV7308JGKAJP, 2018 WL 345111, at *14 (S.D.N.Y. Jan. 10, 2018)................... 9, 18

*Killer Joe Nevada, LLC v. Does 1-12*,
   No. 1:13-CV-1038, 2013 WL 3458197, at *1 (N.D. Ohio July 9, 2013) ................................ 14

*Killer Joe Nevada, LLC v. Does 1-19*,
   No. 1:13-CV-1039, 2013 WL 3458214, at *2 (N.D. Ohio July 9, 2013) ................................ 14

*Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*,
   168 F.3d 347, 350 (9th Cir. 1999) ........................................................................................... 6

*Lugo v. Artus*,
   No. 05-cv-1998 (SAS), 2008 WL 312298, at *2 (S.D.N.Y. Jan. 31, 2008) .............................. 6

*Malibu Media LLC v. Doe*,
   No. 13-12178, 2013 WL 3945978, at *2 (E.D. Mich. July 31, 2013) ..................................... 13

*Malibu Media, LLC v. [Redacted]*,
   No. PWG-14-261, 2017 WL 633315, at *3 (D. Md. Feb. 15, 2017) ....................................... 13

*Malibu Media, LLC v. Brenneman*,
   No. 3:13-CV-00332-PPS, 2013 WL 6560387, at *2 (N.D. Ind. Dec. 13, 2013) ..................... 13

*Malibu Media, LLC v. Doe 1*,
   No. CIV. PJM 12-1195, 2013 WL 5603275, at *1 (D. Md. Oct. 10, 2013) ............................ 14

*Malibu Media, LLC v. Doe*,
   *319 F.R.D. 299, 303 (E.D. Cal. 2016)* ................................................................................... 13

*Malibu Media, LLC v. Doe*,
   No. 1:13-CV-00674-LJM, 2013 WL 5177076, at *1 (S.D. Ind. Sept. 12, 2013) .................... 13

## CASES (continued…)

*Malibu Media, LLC v. Doe*,
No. 1:14-CV-02744, 2015 WL 1291458, at *1 (N.D. Ohio Mar. 23, 2015) ........................... 14

*Malibu Media, LLC v. Doe*,
No. 115CV01943AWISKO, 2016 WL 1046934, at *3 (E.D. Cal. Mar. 16, 2016)................. 13

*Malibu Media, LLC v. Doe*,
No. 116CV00229AWISKO, 2016 WL 2854418, at *3 (E.D. Cal. May 16, 2016) ................. 13

*Malibu Media, LLC v. Doe*,
No. 116CV00231AWISKO, 2016 WL 2854420, at *3 (E.D. Cal. May 16, 2016) ................. 13

*Malibu Media, LLC v. Doe*,
No. 116CV01060AWISKO, 2016 WL 6248267, at *3 (E.D. Cal. Oct. 25, 2016).................. 13

*Malibu Media, LLC v. Doe*,
No. 116CV01061AWISKO, 2016 WL 6248268, at *3 (E.D. Cal. Oct. 25, 2016).................. 13

*Malibu Media, LLC v. Doe*,
No. 116CV01062AWISKO, 2016 WL 6248269, at *3 (E.D. Cal. Oct. 25, 2016).................. 13

*Malibu Media, LLC v. Doe*,
No. 116CV01067AWISKO, 2016 WL 6248270, at *3 (E.D. Cal. Oct. 25, 2016).................. 13

*Malibu Media, LLC v. Doe*,
No. 116CV01068AWISKO, 2016 WL 6248271, at *3 (E.D. Cal. Oct. 25, 2016).................. 13

*Malibu Media, LLC v. Doe*,
No. 116CV01069AWISKO, 2016 WL 6248272, at *3 (E.D. Cal. Oct. 25, 2016).................. 13

*Malibu Media, LLC v. Doe*,
No. 116CV0*1070AWISKO, 2016 WL 6248273, at *3 (E.D. Cal. Oct. 25, 2016)* ................... 13

*Malibu Media, LLC v. Doe*,
No. 13-CV-01523-WYD-MEH, 2013 WL 4510363, at *3 (D. Colo. Aug. 26, 2013)............. 13

*Malibu Media, LLC v. Doe*,
No. 14-CV-00259-WYD-MEH, 2014 WL 1689935, at *5 (D. Colo. Apr. 28, 2014)............. 14

*Malibu Media, LLC v. Doe*,
No. 14-CV-0932, 2015 WL 2451926, at *1 (E.D. Wis. May 21, 2015).................................. 14

*Malibu Media, LLC v. Doe*,
No. 15 CIV. 4369 AKH, 2015 WL 4092417, at *1 (S.D.N.Y. July 6, 2015)........................... 13

## CASES (continued…)

*Malibu Media, LLC v. Doe*,
   No. 15 CIV. 4369 AKH, 2015 WL 4092417, at *2 (S.D.N.Y. July 6, 2015) ........................... 15

*Malibu Media, LLC v. Doe*,
   No. 16CV444 GPC (BGS), 2016 WL 7098807, at *2 (S.D. Cal. Dec. 6, 2016) ..................... 13

*Malibu Media, LLC v. Doe*,
   No. 316CV00786JLSNLS, 2016 WL 9488778, at *3 (S.D. Cal. May 6, 2016) ..................... 13

*Malibu Media, LLC v. Doe*,
   No. CIV.A. ELH-13-03438, 2015 WL 4775337, at *1 (D. Md. Aug. 13, 2015) ................... 14

*Malibu Media, LLC v. Doe*,
   No. CV 13-12202, 2013 WL 12184289, at *2 (E.D. Mich. June 25, 2013) ........................... 13

*Malibu Media, LLC v. Doe*,
   No. CV 13-12224, 2013 WL 12180742, at *2 (E.D. Mich. June 5, 2013) ............................ 14

*Malibu Media, LLC v. Doe*,
   No. CV 15-8252 (FLW), 2016 WL 3876425, at *5 (D.N.J. July 14, 2016) ........................... 14

*Malibu Media, LLC v. Doe*,
   No. GJH-15-2918, 2016 WL 1562903, at *2 (D. Md. Apr. 18, 2016) ................................... 14

*Malibu Media, LLC v. Doe*,
   *No. TDC-15-3185, 2018 WL 329041, at *5 (D. Md. Jan. 5, 2018)* .......................... 13

*Malibu Media, LLC v. Does*,
   No. 8:12-CV-1823-T-30AEP, 2012 WL 12906525, at *3 (M.D. Fla. Oct. 23, 2012)............. 14

*Malibu Media, LLC v. Does*,
   No. 8:12-CV-669-T-23AEP, 2012 WL 12905848, at *3 (M.D. Fla. July 6, 2012)................ 14

*Malibu Media, LLC v. Funderburg*,
   No. 1:13-CV-02614, 2015 WL 1887754, at *3 (N.D. Ill. Apr. 24, 2015) .............................. 13

*Malibu Media, LLC v. House*,
   No. 13-12218, 2014 WL 861599, at *1 (E.D. Mich. Mar. 5, 2014) ........................................ 14

*Malibu Media, LLC v. John Doe Subscriber Assigned IP Address 174.51.234.104*,
   No. 13-CV-00307-WYD-MEH, 2013 WL 3753436, at *2 (D. Colo. July 14, 2013) ............. 13

*Malibu Media, LLC v. John Does 1, 6, 13, 14*,
   950 F. Supp. 2d 779, 780–81 (E.D. Pa. 2013) ....................................................................... 13

## CASES (continued…)

*Malibu Media, LLC v. John Does 1-16*,
   902 F. Supp. 2d 690, 695 (E.D. Pa. 2012) .................................................................. 14

*Malibu Media, LLC v. John Does 1-67*,
   No. 2:12-CV-267-FTM-99, 2012 WL 6720996, at *4 (M.D. Fla. Oct. 24, 2012), *report and recommendation adopted in part*, No. 2:12-CV-267-UA-SPC, 2012 WL 6720989 (M.D. Fla. Dec. 27, 2012).................................................................. 14

*Malibu Media, LLC v. John Does 1-68*,
   No. 12 CV 6675, 2013 WL 5423872, at *1 (N.D. Ill. Sept. 27, 2013)...................................... 14

*Malibu Media, LLC v. John*,
   No. 116CV01059AWISKO, 2016 WL 6248266, at *3 (E.D. Cal. Oct. 25, 2016).................. 13

*Malibu Media, LLC v. Nowobilski*,
   No. 15-CV-2250 (KM)(MAH), 2016 WL 4059651, at *2 (D.N.J. July 26, 2016).................. 13

*Malibu Media, LLC v. Powell*,
   No. 1:15-CV-1211, 2016 WL 26068, at *1 (M.D. Pa. Jan. 4, 2016)........................................ 14

*Malibu Media, LLC v. Redacted*,
   No. CV DKC 14-3950, 2016 WL 3632690, at *3 (D. Md. July 7, 2016) ............................... 13

*Malibu Media, LLC v. Redacted*,
   No. CV DKC 15-0750, 2016 WL 3668034, at *3 (D. Md. July 11, 2016) ............................. 13

*Malibu Media, LLC v. Sanchez*,
   No. 13-12168, 2014 WL 172301, at *3 (E.D. Mich. Jan. 15, 2014) ....................................... 14

*Malibu Media, LLC v. Sianturi*,
   No. 116CV01059AWISKO, 2017 WL 3328082, at *1 (E.D. Cal. Aug. 4, 2017).................... 14

*Malibu Media, LLC v. Thal*,
   No. 15 C 11808, 2016 WL 7240764, at *1 (N.D. Ill. Dec. 15, 2016) ..................................... 13

*Malibu Media, LLC v. Tsanko*,
   No. CIV.A. 12-3899 MAS, 2013 WL 6230482, at *1 (D.N.J. Nov. 30, 2013)........................ 13

*McDermott v. Monday Monday, LLC*,
   No. 17CV9230 (DLC), 2018 WL 1033240, at *3 (S.D.N.Y. Feb. 22, 2018)........................ 3, 8

*ME2 Prods., Inc. v. Pumaras*,
   No. CV 17-00078 SOM/RLP, 2017 WL 4181344, at *6 (D. Haw. Sept. 21, 2017), *opinion amended and superseded*, No. CV 17-00078 SOM/RLP, 2017 WL 4707015 (D. Haw. Oct. 19, 2017) .................................................................. 14

## CASES (continued…)

*ME2 Prods., Inc. v. Pumaras,*
No. CV 17-00078 SOM/RLP, 2017 WL 4707015, at *6 (D. Haw. Oct. 19, 2017)................. 14

*Media Prod., Inc. v. Does 1-120,*
No. CIV.A. 12-30100-MAP, 2013 WL 1092195, at *1 (D. Mass. Feb. 15, 2013), *report and recommendation adopted*, No. 12-CV-30100-MAP, 2013 WL 1092472 (D. Mass. Mar. 14, 2013) ........................................................................................................................................ 14

*Media Prod., Inc. v. Does 1-49,*
No. CIV.A. 12-30084-MAP, 2013 WL 1092128, at *1 (D. Mass. Feb. 15, 2013), *report and recommendation adopted*, No. 12-CV-30084-MAP, 2013 WL 1092455 (D. Mass. Mar. 14, 2013) ........................................................................................................................................ 14

*Media Prod., Inc. v. Does 1-64,*
No. CIV.A. 12-30083-MAP, 2013 WL 1092123, at *1 (D. Mass. Feb. 7, 2013), *report and recommendation adopted*, No. 12-CV-30083-MAP, 2013 WL 1091715 (D. Mass. Mar. 14, 2013) ........................................................................................................................................ 14

*Minden Pictures, Inc. v. John Wiley & Sons, Inc.,*
No. C-12-4601 EMC, 2014 WL 1724478, at *8 (N.D. Cal. Apr. 29, 2014............................. 10

*Minden Pictures, Inc. v. John Wiley & Sons, Inc.,*
No. C-12-4601 EMC, 2014 WL 1724478, at *8 (N.D. Cal. Apr. 29, 2014) ........................... 17

*Nemaizer v. Baker,*
793 F.2d 58, 63 (2d Cir.1986).................................................................................................. 6

*Night of the Templar, LLC v. Does 1-25,*
No. 1:13-CV-396, 2013 WL 1500454, at *1–2 (N.D. Ohio Apr. 10, 2013)............................ 14

*Novelty Textile Inc. v. Wet Seal Inc.,*
No. CV1305527SJOMRWX, 2014 WL 12603499, at *4 (C.D. Cal. Oct. 22, 2014).......... 9, 17

*Otto v. Hearst Communications, Inc.,*
17-cv-04712 (GHW-JLC) ....................................................................................................... 11

*Overstock.com, Inc. v. Furnace Brook, LLC,*
420 F. Supp. 2d 1217, 1223 (D. Utah 2005), *aff'd*, 191 F. App'x 959 (Fed. Cir. 2006) ............. 7

*Patrick Collins, Inc. v. John Doe 1,*
945 F. Supp. 2d 367 (E.D.N.Y. 2013) .................................................................................... 14

*PHE, Inc. v. Does 1-122,*
No. 13-CV-786, 2014 WL 1856755, at *1 (N.D. Ill. May 7, 2014) ........................................ 14

*Purzel Video GmbH v. Does 1-161,*
No. 13 C 2504, 2013 WL 12310084, at *2 (N.D. Ill. June 4, 2013)........................................ 14

## CASES (continued…)

*Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*,
    No. 2:13-CV-213-JRG-RSP, 2015 WL 627430, at *1 (E.D. Tex. Jan. 31, 2015) (same)........ 19

*Rembrant Wireless Techs., L.P. v. Samsung Elec. Co.*,
    No. 2:13-CV-213-JRG-RSP, 2015 WL 627430, at *1 (E.D. Tex. Jan. 31, 2015).................... 19

*Reynolds v. Hearst Communications, Inc.*,
    No. 17CV6720(DLC), 2018 WL 1229840, at *4 (S.D.N.Y. Mar. 5, 2018) ............................. 3

*Safety Point Prod., LLC v. Does*,
    No. 1:12-CV-2812, 2013 WL 1367078, at *1 (N.D. Ohio Apr. 4, 2013)................................ 15

*Sands v. Complex Media, Inc.*,
    17-cv-03993 (ALC-GWG)................................................................................................ 11

*Sport Dimension, Inc. v. Coleman Co., Inc.*,
    No. CV1400438BROMRWX, 2015 WL 10013784, at *5 (C.D. Cal. June 4, 2015)........... 7, 10

*SSL Servs., LLC v. Citrix Sys., Inc.*,
    No. 2:08-CV-158-JRG, 2012 WL 12906091, at *2 (E.D. Tex. May 24, 2012) ...................... 19

*Steeger v. JMS Cleaning Servs. LLC*,
    No. 17CV8013(DLC), 2018 WL 1136113, at *1 (S.D.N.Y. Feb. 28, 2018)............................. 3

*Third Degree Films v. Does 1-47*,
    286 F.R.D. 188 (D. Mass. 2012) ............................................................................................ 14

*Third Degree Films, Inc. v. Does 1-72*,
    No. 12-CV-14106, 2012 WL 12931709, at *2 (E.D. Mich. Nov. 13, 2012) ........................... 14

*UN4 Prods., Inc. v. Does 1-10*,
    No. 5:17-CV-155-MOC-DCK, 2017 WL 5195884, at *1 (W.D.N.C. Nov. 9, 2017) ............. 14

*United Airlines, Inc. v. Brien*,
    588 F.3d 158, 176 (2d Cir.2009)............................................................................................. 6

*United States v. Heller*,
    785 F.2d 1524, 1527 (11th Cir. 1986) ................................................................................... 20

*W. Coast Prods., Inc. v. Does 1-23*,
    No. CIV.A. 12-30087-MAP, 2013 WL 1092163, at *1 (D. Mass. Feb. 15, 2013), *report and recommendation adopted*, No. 12-CV-30087-MAP, 2013 WL 1092469 (D. Mass. Mar. 14, 2013) .......................................................................................................................... 14, 15

*Wisconsin Alumni Research Found. v. Apple, Inc.*,
    No. 14-CV-062-WMC, 2015 WL 13547000, at *1 (W.D. Wis. Sept. 30, 2015) .................... 19

**_CASES (continued…)_**

_Zambezia Film Pty, Ltd. v. Does 1-65_,
    No. 13 C 1321, 2013 WL 4600385, at *2 (N.D. Ill. Aug. 29, 2013) ....................................... 14

## OTHER AUTHORITIES

151 Cong. Rec. E1160–01 (daily ed. June 8, 2005) (statement of Rep. Berman) ......................... 7

## RULES

Fed. R. Civ. P. 60(b)(1) ........................................................................................................ passim
Fed. R. Civ. P. 60(b)(6) ........................................................................................................ passim

## LAW REVIEW ARTICLES

Matthew Sag,
    _Copyright Trolling_, An Empirical Study, 100 Iowa L. Rev. 1105, 1008 (2015) ....................... 8

## NEWS ARTICLES

Claire Suddath, Prenda Law, the Porn Copyright Trolls, _Bloomberg Businessweek_ (May 30,
    2013) [http://www.businessweek.com/articles/2013-05-30/prenda-law-the-porn- copyright-
    trolls] .................................................................................................................................... 16

Gabe Friedman, T_he Biggest Filer of Copyright Lawsuits?_ This Erotica Web Site, New Yorker,
    May 14, 2014 [www.newyorker.com/business/currency/the-biggest-filer-of-copyright-
    lawsuits-this-erotica-web-site] ................................................................................................. 16

Kashmir Hill, _How Porn Copyright Lawyer John Steel Has Made a 'Few Million Dollars'_
    _Pursuing (Sometimes Innocent) 'Porn Pirates',_ Forbes (Oct. 15, 2012) [http://www.forbes.
    com/sites/kashmirhill/2012/10/15/how-porn-copyright-lawyerjohn-steele-justifies-his-pursuit-
    of-sometimes-innocent-porn-pirates] ........................................................................................ 16

Timothy B. Lee, _Judge tells copyright troll to put up or shut up on porn lawsuits_, Ars Technica
    (Oct. 9, 2012) [http://arstechnica.com/techpolicy/2012/10/judge-tells-copyright-troll-to-put-
    up-or-shut-up-on-porn-lawsuits/] .............................................................................................. 16

## INTRODUCTION

In October 2017, a bipartisan bill was introduced in the House of Representatives seeking to establish a Copyright Small Claims system. *See* COPYRIGHT SMALL-CLAIMS ENFORCEMENT (CASE) ACT OF 2017 [H.R. 3945] [Attached hereto as <u>Exhibit A</u>]  Petapixel published a news article about the bill entitled: *House Bill Introduced for Copyright Small Claims.* [Attached hereto as <u>Exhibit B</u>].

Significantly, the article explains that the motivation behind establishing a Copyright Small Claims system is to accommodate individual photographers (and other "mom-and-pop" copyright holders), who have traditionally been frozen out of federal courts due to the complexity and cost of litigation.

> Photographers in the United States are now one step closer toward seeing a copyright small claims system for pursuing infringements on a smaller scale. A new bipartisan House bill has introduced the CASE Act, which stands for the "Copyright Alternative in Small-Claims Enforcement Act of 2017."
>
> Photographer associations have long pushed for the creation of a copyright small claims system in the U.S. The argument is that the current system is more geared toward low-volume, high-value content creators (e.g. filmmakers, music artists, authors) rather than high-volume, lower-value creators (e.g. photographers).
>
> "It may surprise you to learn that the majority of copyright holders in the United States are mom-and-pop businesses, the majority of which are professional photographers," the PPA stated last year. "Our current one-size-fits-all copyright system leaves out most visual artists."
>
> *See* https://petapixel.com/2017/10/05/house-bill-introduced-copyright-small-claims/.

To date, the CASE Act has not been passed by Congress.  Until such time as Congress acts, aggrieved photographers have no choice but to file suit in the existing federal court system that's been provided to adjudicate their claims.  Accordingly, district courts should refrain from "victim shaming" photographers for seeking judicial relief, even where the value of their photographs may be low relative to other types of works, such as music or motion pictures.

Liebowitz Law Firm, PLLC has filed more than 600 Cases in SDNY and EDNY since January 2016.  But the firm also represents over 350 clients, thousands of copyright registrations, and tens of thousands of copyrighted works.  The number of lawsuits filed by the firm primarily shows that: (a) violation of the Copyright Act via unauthorized use of photographic materials is an epidemic; (b) the Liebowitz Law Firm is vindicating the public interest by ensuring that a proper licensing market exists for the work of photographers;[1] and (c) individual photographers are retaining Liebowitz Law Firm to file federal lawsuits because there is no other means for them to enforce their rights, particularly given the Congressional failure to establish a Copyright Court to help streamline these types of claims.

In response to Liebowitz Law Firm's good faith efforts to enforce the Copyright Act on behalf of individual working-class photographers, the District Court has labeled Richard Liebowitz, the firm's principal and founder, a "copyright troll."  The term "troll," when applied to an actual human being, is never used as a compliment.  It is meant to defame, degrade, and stereotype a person as a villain.  It is intended to invoke wide-ranging negative connotations that suggest harassment, abusive practices, depraved motivations and even illegality.  Once a person labels another as a "troll," certain truths become self-evident, the most obvious being that any actions taken by the so-called "troll" will be perceived through the lens of that negative stereotype, and any judgments rendered will inevitably function to confirm that hostile perception.

On February 22, 2018, the District Court entered an order in which it became the first and only court to *sua sponte* label Plaintiff's counsel, Richard P. Liebowitz, a "copyright 'troll.' "

---

[1]  "The Copyright Act is intended, not only for a plaintiff to obtain damages for infringement, but to deter the infringers and other potential infringers from infringing on copyrighted works." *Bell v. Taylor*, No. 1:13-CV-00798-TWP, 2014 WL 902573, at *2 (S.D. Ind. Mar. 7, 2014) (citing *F.W. Woolworth Co. v. Contemporary Arts*, 344 U.S. 228, 231–33, 73 S.Ct. 222, 97 L.Ed. 276 (1952); *F.E.L. Pub'ns, Ltd. v. Catholic Bishop of Chi.*, 754 F.2d 216, 219 (7th Cir.1985)).

*See McDermott v. Monday Monday, LLC*, No. 17CV9230 (DLC), 2018 WL 1033240, at *3 (S.D.N.Y. Feb. 22, 2018) ("Plaintiff's counsel, Richard Liebowitz, is a known copyright 'troll,' filing over 500 cases in this district alone in the past twenty-four months.")

On its face, the Court affixed this derogatory label to Mr. Liebowitz for no other reason than the number of cases his law firm has filed during the last two years. The District Court did not explain why it was "known" that Mr. Liebowitz was a "troll," or where the Court obtained such knowledge. Despite filing over 600 cases in two years, no other judicial officer in any case in any district had ever stereotyped Mr. Liebowitz or his firm as a "troll".

Then, less than a week later, on February 28, 2018, the District Court invoked the "troll" label again to describe Mr. Liebowitz. This time, it was to impose a punitive monetary sanction of $10,000 against the attorney. *See Steeger v. JMS Cleaning Servs. LLC*, No. 17CV8013(DLC), 2018 WL 1136113, at *1 (S.D.N.Y. Feb. 28, 2018) (beginning its decision: "Paul Steeger filed this copyright action. He is represented by Richard Liebowitz, who has been labelled a copyright "troll."") Significantly, the District Court did not expressly state in <u>Steeger</u> that the "troll" label, as applied to Mr. Liebowitz, was originated by the District Court itself.

Finally, on March 5, 2018, the District Court once again invoked the negative stereotype, gratuitously labeling Mr. Liebowitz a "copyright troll" for no other reason than to justify an adverse ruling against his client-photographer Ray Reynolds. *See Reynolds v. Hearst Communications, Inc*., No. 17CV6720(DLC), 2018 WL 1229840, at *4 (S.D.N.Y. Mar. 5, 2018) ("Mr. Liebowitz has filed over 500 cases in this district in the past twenty-four months. He has been labelled a copyright 'troll'").

In less than two weeks, the District Court issued three adverse rulings which unjustifiably characterized Mr. Liebowitz as a "copyright troll." The District Court could have issued the same decisions without invoking such a broad-sweeping, defamatory stereotype. As grounds for

3

redaction, Liebowitz respectfully submits that the District Court erred by using that term to describe Mr. Liebowitz and, by extension, his law firm and its 350+ clients.

Because the term "copyright troll" has been ostensibly used by the Court as a legal term of art, the Court's usage may be appropriately challenged as a mistake of law under Rule 60(b)(1). In the alternative, if the term "copyright troll" is not a legal term of art, but has merely been invoked to disparage and defame Liebowitz Law Firm for representing a large number of working-class photographers, then the District Court should redact such invective under Rule 60(b)(6) as it works "an extreme and undue hardship" on Liebowitz's ability to enforce the Copyright Act in furtherance of the public interest.

Accordingly, because the District Court's use of the term "troll" is a plainly erroneous mistake-of-law and highly prejudicial to Liebowitz Law Form and the Authors it represents, the Court's order should be amended to redact the term "copyright troll" from the decision [Dkt. #21].[2]

## BACKGROUND

On November 23, 2017, Plaintiff Matthew McDermott, a New York based professional photographer, commenced this action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. McDermott had photographed a woman named Daniela Greene, an ex-federal agent who married an ISIS terrorist, and then licensed the photograph to the NEW YORK POST for publication. McDermott is listed as the author and copyright claimant on the face of the copyright registration for the photograph, bearing registration number VA 2-053-278.

---

[2] The Liebowitz Law Firm also intends to file substantially identical motions to redact in the two unrelated cases where the District Court labelled Mr. Liebowitz a "copyright troll;" however, not until such time as the Court has had an opportunity to correct its error in this case.

Defendant, a news publisher, then expropriated the photograph without McDermott's consent or authorization and re-published it on its website without providing any attribution.

On January 17, 2017, defendant, which maintains offices in Idaho, filed a motion to dismiss for lack of personal jurisdiction.  [Dkt. #12]  Defendant did not file an Answer.

 The Court certainly could have found jurisdiction given that defendant infringed the rights of a New York resident, appropriated the photograph from a New York-based publication and likely intended to target New York audiences with the infringing content.   But in order to avoid the expense of litigating a protracted jurisdictional issue that would take more time to resolve than the merits of the underlying claim, McDermott filed a Notice of Voluntary Dismissal without prejudice on January 30, 2017.  [Dkt. #16]

On January 30, 2017, defendant moved for its attorneys' fees.  [Dkt. #17] and McDermott opposed [Dkt. #18].

On February 22, 2018, the Court issued a decision and order denying defendant's request for attorneys' fees.  [Dkt. #21] Without any developed factual record pertaining to the issue of jurisdiction, the District Court also concluded that McDermott's claim was "frivolous" (ostensibly on grounds that it was filed in New York rather than Idaho).  The Court also labeled Richard Liebowitz, McDermott's lead counsel, as a "copyright troll" on grounds that he had filed more than 500 infringement cases in two years.

McDermott later refiled the same action in Idaho.

## LEGAL STANDARD

Rule 60(b)(1) of the Federal Rules of Civil Procedure provides in relevant part that "the court may relieve a party . . . from a[n]  . . . order . . . for the following reasons: (1) mistake . . ." Fed. R. Civ. P. 60(b)(1).  "Rule 60(b)(1) motions premised upon 'mistake' are intended to provide relief to a party when the judge has made a substantive mistake of law or fact in the final

judgment or order." *Lugo v. Artus*, No. 05-cv-1998 (SAS), 2008 WL 312298, at *2 (S.D.N.Y. Jan. 31, 2008) (citation and internal quotations omitted). "Thus, Rule 60(b)(1) motions can be used by a trial court to correct judicial errors." *Id., citing International Controls Corp, v. Vesco,* 556 F.2d 665, 670 (2d Cir. 1977) (stating that district court's mistake of "substantive legal nature" may be corrected under Rule 60(b)(1)); *see also Kingvision Pay-Per-View Ltd. v. Lake Alice Bar,* 168 F.3d 347, 350 (9th Cir. 1999) ("[T]he words 'mistake' and 'inadvertence' . . . may include mistake and inadvertence by the judge.")

Rule 60(b)(6) is properly invoked when "extraordinary circumstances" justify relief or "when the judgment may work an extreme and undue hardship." *Nemaizer v. Baker,* 793 F.2d 58, 63 (2d Cir.1986); *see also United Airlines, Inc. v. Brien,* 588 F.3d 158, 176 (2d Cir.2009).

As more fully detailed below, Plaintiff's present motion satisfies the applicable standards.

### KEY DEFINITIONS:
### "PATENT TROLL" v. "COPYRIGHT TROLL"

#### "Troll"

Google's primary definition of the word "troll" states:

1. a mythical, cave-dwelling being depicted in folklore as either a giant or a dwarf, typically having a very ugly appearance. *Synonyms*: goblin, hobgoblin, Halfling, demon, monster, bugaboo, ogre. "the storybook trolls who live under the bridge."

According to thesaurus.com, synonyms of the word "troll" (or words related to troll) include *demon, goblin, monster, ogre, devil, savage, fiend, brute, barbarian, villain, beast, gremlin* and *Satan*. See http://www.thesaurus.com/browse/troll?s=t. The aforementioned list includes some of the most derogatory words in the English language.

#### "Patent Troll"

"Patent troll" is a pejorative term used in legal circles to describe an entity that "enforces patent rights against accused infringers in an attempt to collect licensing fees, but does not

manufacture products or supply services based upon the patents in question." *Sport Dimension, Inc. v. Coleman Co., Inc.,* No. CV1400438BROMRWX, 2015 WL 10013784, at *5 (C.D. Cal. June 4, 2015); *InternetAd Sys., LLC v. Opodo, Ltd.,* 481 F.Supp.2d 596, 601 (N.D.Tex.2007).

Members of Congress have expressed their concerns regarding patent trolls when introducing patent reform legislation. *See* Patent Reform Act of 2005, H.R. 2795, 109th Cong. (2005).  Representative Howard Berman stated that patent trolls have a "negative effect on innovation" and spoke of:

> countless situations in which patent holders, making no effort to commercialize their inventions, lurk in the shadows until another party has invested substantial resources in a business or product that may infringe on the unutilized invention. The patent troll then steps out of the shadows and demands that the alleged infringer pay a significant licensing fee to avoid an infringement suit.

*See* 151 Cong. Rec. E1160–01 (daily ed. June 8, 2005) (statement of Rep. Berman); see *Overstock.com, Inc. v. Furnace Brook, LLC*, 420 F. Supp. 2d 1217, 1223 (D. Utah 2005), *aff'd*, 191 F. App'x 959 (Fed. Cir. 2006).

### "COPYRIGHT TROLL"

Unlike the term "patent troll," which has been in common usage since the 1990's and which has been subject to Congressional hearing, the term "copyright troll" is relatively new, appearing for the first time in 2012.

Indeed, the definition of "copyright troll," as adopted by the District Court here, was first pronounced by the IOWA LAW REVIEW in April 2015, which reads as follows:

> "In common parlance, copyright trolls are more focused on the business of litigation than on selling a product or service or licensing their copyrights to third parties to sell a product or service. A copyright troll plays a numbers game in which it targets hundreds or thousands of defendants seeking quick settlements priced just low enough that it is less expensive for the defendant to pay the troll rather than defend the claim."

*McDermott*, 2018 WL 1033240, at *3, fn. 4 (quoting *Creazioni Artistiche Musicali, S.r.l. v. Carlin America, Inc.,* 2017 WL 33938502017, at *4 (S.D.N.Y. Aug. 4, 2017) (quoting Matthew Sag, *Copyright Trolling, An Empirical Study*, 100 Iowa L. Rev. 1105, 1008 (2015)).

Matthew Sag, who crafted the "copyright troll" definition adopted by the District Court, is a Professor of Law at Loyola University Chicago School of Law.  The abstract to Professor Sag's article on copyright trolls states:

> *"*John Doe lawsuits have become the most common form of copyright litigation in several U.S. districts, and in districts such as the Northern District of Illinois, copyright litigation involving pornography accounts for more than half of new cases . . . Multi-defendant John Doe litigation should be considered copyright trolling whenever it is motivated by a desire to turn litigation into an independent revenue stream.*"*

100 IOWA L. REV. at 1105.  When viewed in context, it is evident that Professor Sag's definition of "copyright trolls" was intended to address multi-defendant John Doe litigation brought by the copyright holders of pornographic material.  As demonstrated below, this IOWA LAW REVIEW definition is so far removed from the Liebowitz Law Firm's practice that the District Court should justifiably redact the term "copyright troll" from the challenged order.


## ARGUMENT

## POINT I:    THE DISTRICT COURT IS <u>NOT</u> JUSTIFIED IN LABELING MR. LIEBOWITZ A "COPYRIGHT TROLL"

In its decision and order, the District Court invoked Professor Sag's IOWA LAW REVIEW definition, and stated that: "Plaintiff's counsel, Richard Liebowitz, is a known copyright 'troll,' filing over 500 cases in this district alone in the past twenty-four months. *McDermott*, 2018 WL 1033240, at *3.  Other than the number of cases filed by Liebowitz, the District Court did not provide any justification for affixing this derogatory stereotype to Mr. Liebowitz (and by his extension, all of his clients).

A.    **THE NUMBER OF CASES FILED BY LIEBOWITZ DOES NOT PROVIDE JUSTIFICATION FOR THE COURT'S USE OF THIS HIGHLY PREJUDICIAL AND ODIOUS TERM**

The number of cases filed, standing alone, cannot possibly support the District Court's use of this highly prejudicial and pejorative term. *See, e.g.*, *Janik*, 2018 WL 345111, at *14 ("without specifics regarding the respective merits of these cases, filing volume does not necessarily signal an improper motivation in this case by counsel, let alone by Janik"); *Novelty Textile Inc.*, 2014 WL 12603499, at *4 ("Defendants submit evidence that Plaintiff has filed scores of copyright infringement actions in the Central District. Although this fact is consistent with Defendants theory, it is equally consistent with Plaintiff's being a successful design company that needs to protect its intellectual property from widespread infringement.")

Indeed, in *Novelty Textile*, the court emphasized:

> This does not appear to be a case where a copyright troll is shaking Defendants down with claims that are not meritorious. Rather, it appears that in this case there is real infringement. There is no need for the jury to be presented with evidence that Plaintiff has filed numerous lawsuits to discredit Plaintiff's case, since the Court has already determined that there is actual, significant copyright infringement here. The Court finds that Plaintiff's unrelated litigation is not probative of any material fact for the questions facing the jury.

2014 WL 12603499, at *4

Liebowitz Law Firm, PLLC has filed more than 600 Cases in SDNY and EDNY since January 2016.  But it also represents over 350 clients, thousands of copyright registrations, and tens of thousands of copyrighted works.  The number of lawsuits filed by the firm primarily shows that: (a) violation of the Copyright Act via unauthorized use of photographic materials is an epidemic; (b) the Liebowitz Law Firm is vindicating the public interest by ensuring that a proper licensing market exists for the work of photographers;[3] and (c) individual photographers

---

[3]  "The Copyright Act is intended, not only for a plaintiff to obtain damages for infringement, but to deter the infringers and other potential infringers from infringing on copyrighted works." *Bell v. Taylor*, No. 1:13-CV-00798-TWP, 2014 WL 902573, at *2 (S.D. Ind. Mar. 7, 2014) (citing *F.W. Woolworth Co. v. Contemporary Arts*, 344 U.S. 228, 231–33, 73 S.Ct. 222, 97 L.Ed. 276 (1952); *F.E.L. Pub'ns, Ltd. v. Catholic Bishop of Chi.*, 754 F.2d 216, 219 (7th Cir.1985)).

are retaining Liebowitz Law Firm to file federal lawsuits because there is no other means for them to enforce their rights, particularly given the Congressional failure to establish a Copyright Court to help streamline these types of claims.

The District Court's conclusory statement that Liebowitz Law Firm is a "copyright troll" merely for the number of lawsuits filed is not justified, particularly given that the District Court lacks knowledge of the merits underlying the hundreds of cases filed by the Liebowitz Law Firm.

**B.    LIEBOWITZ LARGELY REPRESENTS INDIVIDUAL PHOTOGRAPHERS AND DOES NOT ITSELF OWN OR AGGREGATE ANY COPYRIGHTS**

The District Court's labeling of Liebowitz as a "copyright troll" is also unfair because over 95% of Liebowitz's clients consist of individual working-class photographers.  Liebowitz's clients are actual human beings and "Authors," as that term is used by the Framers in the Copyright Clause, whose work contributes to the Progress of the Useful Arts.

"Patent trolls" are entities which do "not manufacture products or supply services based upon the patents in question." *Sport Dimension, Inc.,* 2015 WL 10013784, at *5.  Here, in direct contrast, the photographers represented by Liebowitz actually create the photographs in question which are subject to litigation. So labeling Liebowitz (or his clients) as a "troll" is remarkably unjust.

Moreover, the Liebowitz Law Firm does not acquire the underlying copyrights to the work.  The copyright registrations are a matter of public record, and none of the 600+ cases filed by Liebowitz indicate that Liebowitz is the author or copyright claimant of the works in question.

In *Minden Pictures, Inc. v. John Wiley & Sons, Inc.,* No. C-12-4601 EMC, 2014 WL 1724478, at *8 (N.D. Cal. Apr. 29, 2014), the court rejected use of the "copyright troll" term on similar grounds:

Wiley seeks to brand Minden with the odious "Copyright Troll" label. Docket No. 84, at 20. The Court finds such hyperbole unhelpful and slightly disingenuous. **Minden is not an entity which exists solely for the purpose of acquiring rights to pursue litigation.** Rather, as the agency agreements in this case show, they are a legitimate third-party licensing agent with longstanding ties to major photographers. Wiley itself recognizes this by its undisputed business dealings with Minden. That Minden attempted to aggregate the claims of its clients who have allegedly suffered at Wiley's hands is not, on its own, worthy of scorn.

While the burden of defending frivolous and objectively unreasonable litigation may be deleterious to the objectives of the Copyright Act, it is not the purpose of the Copyright Act "to deter litigants from bringing potentially meritorious claims, even though those claims may be ultimately unsuccessful." *Thompkins v. Lil' Joe Records, Inc.,* No. 02–61161–CIV, 2008 WL 896898, at *6 (S.D. Fla. Mar. 31, 2008). **Nor can it be said that the business model of Minden is contrary to the purposes of the Copyright Act; there is value in facilitating the efficient licensing of legitimate copyright holders.**

## C.    THE RECORD SHOWS THAT LIEBOWITZ LAW FIRM IS PREPARED TO LITIGATE INFRINGEMENT CLAIMS TO FINAL JUDGMENT

One of the fundamental elements of the "copyright troll' definition, as applied by the courts, is that copyright trolls sue only to extract settlements, but are not prepared to litigate cases to judgment. *See Malibu Media,* 2015 WL 4092417, at *3 ("plaintiffs seemingly have no interest in actually litigating the cases, but rather simply have used the Court and its subpoena powers to obtain sufficient information to shake down the John Does . . . Malibu's motive is to use the federal courts only to obtain identifying information in order to coerce fast settlements.")

Here, in contrast, the Liebowitz Law Firm is clearly prepared to bring defendants to judgment. Indeed, Judge Forrest recently granted summary judgment in favor of Liebowitz's client in *Goodman v. Universal Beauty Prod. Inc.,* No. 17-CV-1716 (KBF), 2018 WL 1274855, at *1 (S.D.N.Y. Mar. 9, 2018). The Liebowitz Law Firm currently has three other summary judgment motions pending on the issue of liability for copyright infringement. *See, e.g., Ferdman v. CBS Interactive Inc.*, 17-cv-01317 (PGG) [Dkts. 30-42]; *Sands v. Complex Media, Inc.*, 17-cv-03993 (ALC-GWG) [Dkts. #27-31]; *Otto v. Hearst Communications, Inc.*, 17-cv-04712 (GHW-JLC) [Dkts. #36-41]. Clearly, any notion that the Liebowitz Law Firm is filing

"strike suits" or using judicial process to "shakedown" infringers is belied by the fact that it is prepared to vindicate the public interest by holding infringers accountable for their unlawful conduct.

**D.    LIEBOWITZ LAW FIRM HAS NEVER FILED BITTORRENT CASES, MULTI-DEFENDANT JOHN DOE CASES, NOR REPRESENTED PORNOGRAPHERS**

As discussed, Point II *infra*, the "copyright troll" label has only been invoked by courts (and the media) to comment on the BitTorrent line of cases where plaintiffs use judicial process to expose the identity of on-line users who allegedly infringed pornographic or other materials.

There is no evidence whatsoever that the Liebowitz Law Firm has ever filed a BitTorrent case, a multi-defendant John Doe case, nor represented companies in the adult film industry. Accordingly, the District Court's use of the term "copyright troll" to describe Liebowitz, whose practice bears no resemblance to BitTorrent litigators save for the number of cases filed under the Copyright Act, is without precedent and entirely unjustified. The District Court has provided no reason for why such prejudicial term should be extended to officers of the Court who represent the very artists and authors which the Copyright Act was intended to protect.

**POINT II:    JUDICIAL USE OF THE TERM "COPYRIGHT TROLL" HAS BEEN EXCLUSIVELY RELEGATED TO *BIT-TORRENT* CASES**

As of the date of this filing, Westlaw reports eighty-eight (88) federal court decisions which make reference to the term "Copyright Troll".  [*See* Exhibit C attached hereto]  Excluding the three decisions that were recently issued by the District Court pertaining to Mr. Liebowitz, the remaining 85 decisions make clear that the term "copyright troll" has largely been invoked by courts to describe plaintiffs in "BitTorrent" cases, most of which involve the adult film industry and multiple John Doe defendants.[4]

---

[4] Because IP addresses are the only identifiers of peers (i.e., users) within a BitTorrent system, it is virtually impossible to learn the true identities of the peers. To pursue litigation, plaintiffs in BitTorrent suits must attempt to

Indeed, of the 85 decisions on Westlaw which make reference to the term "copyright troll," almost 90% of such decisions (75 total) are BitTorrent cases.  Of those 75 BitTorrent cases, 61 involve plaintiffs in the adult film industry.

| Federal Court Decisions Involving: | Total # out of 85 | Percentage |
| --- | --- | --- |
| **Malibu Media** | 47 | 55.3% |
| **Pornographers** (Malibu + Non-Malibu Pornographers) | 61 | 60% |
| **BitTorrent Cases** (Malibu + Non-Malibu Pornographers + Non-Pornographers) | 75 | 89.4% |

• 47 Malibu Media Cases[5]

---

get early discovery to learn of the actual identities of the unnamed defendants. The requests have been the subject of much criticism, for these types of lawsuits are rarely litigated.

[5] See *Malibu Media, LLC v. Doe*, No. 15 CIV. 4369 AKH, 2015 WL 4092417, at *1 (S.D.N.Y. July 6, 2015); *Malibu Media, LLC v. Doe*, No. 116CV00231AWISKO, 2016 WL 2854420, at *3 (E.D. Cal. May 16, 2016); *Malibu Media, LLC v. Brenneman*, No. 3:13-CV-00332-PPS, 2013 WL 6560387, at *2 (N.D. Ind. Dec. 13, 2013); *Malibu Media, LLC v. Doe*, No. 116CV00229AWISKO, 2016 WL 2854418, at *3 (E.D. Cal. May 16, 2016); *Malibu Media, LLC v. Doe*, No. 115CV01943AWISKO, 2016 WL 1046934, at *3 (E.D. Cal. Mar. 16, 2016); *Malibu Media, LLC v. Funderburg*, No. 1:13-CV-02614, 2015 WL 1887754, at *3 (N.D. Ill. Apr. 24, 2015); *Malibu Media LLC v. Doe*, No. 13-12178, 2013 WL 3945978, at *2 (E.D. Mich. July 31, 2013); *Malibu Media, LLC v. Tsanko*, No. CIV.A. 12-3899 MAS, 2013 WL 6230482, at *1 (D.N.J. Nov. 30, 2013); *Malibu Media, LLC v. Thal*, No. 15 C 11808, 2016 WL 7240764, at *1 (N.D. Ill. Dec. 15, 2016); *Malibu Media, LLC v. Doe*, No. 13-CV-01523-WYD-MEH, 2013 WL 4510363, at *3 (D. Colo. Aug. 26, 2013); *Malibu Media, LLC v. John Doe Subscriber Assigned IP Address 174.51.234.104*, No. 13-CV-00307-WYD-MEH, 2013 WL 3753436, at *2 (D. Colo. July 14, 2013); *Malibu Media, LLC v. John Does 1, 6, 13, 14*, 950 F. Supp. 2d 779, 780–81 (E.D. Pa. 2013); *Malibu Media, LLC v. Doe*, No. 16CV444 GPC (BGS), 2016 WL 7098807, at *2 (S.D. Cal. Dec. 6, 2016); *Malibu Media, LLC v. Redacted*, No. CV DKC 14-3950, 2016 WL 3632690, at *3 (D. Md. July 7, 2016); *Malibu Media, LLC v. Redacted*, No. CV DKC 15-0750, 2016 WL 3668034, at *3 (D. Md. July 11, 2016); *Malibu Media, LLC v. Doe*, No. 1:13-CV-00674-LJM, 2013 WL 5177076, at *1 (S.D. Ind. Sept. 12, 2013); *Malibu Media, LLC v. [Redacted]*, No. PWG-14-261, 2017 WL 633315, at *3 (D. Md. Feb. 15, 2017); *Malibu Media, LLC v. Doe, No. TDC-15-3185, 2018 WL 329041, at *5 (D. Md. Jan. 5, 2018); Malibu Media, LLC v. John*, No. 116CV01059AWISKO, 2016 WL 6248266, at *3 (E.D. Cal. Oct. 25, 2016); *Malibu Media, LLC v. Doe*, No. 116CV01067AWISKO, 2016 WL 6248270, at *3 (E.D. Cal. Oct. 25, 2016); *Malibu Media, LLC v. Doe, No. 116CV01070AWISKO, 2016 WL 6248273, at *3 (E.D. Cal. Oct. 25, 2016); Malibu Media, LLC v. Doe*, No. 116CV01069AWISKO, 2016 WL 6248272, at *3 (E.D. Cal. Oct. 25, 2016); *Malibu Media, LLC v. Doe*, No. 116CV01062AWISKO, 2016 WL 6248269, at *3 (E.D. Cal. Oct. 25, 2016); *Malibu Media, LLC v. Doe*, No. 116CV01061AWISKO, 2016 WL 6248268, at *3 (E.D. Cal. Oct. 25, 2016); *Malibu Media, LLC v. Doe*, No. 116CV01068AWISKO, 2016 WL 6248271, at *3 (E.D. Cal. Oct. 25, 2016); *Malibu Media, LLC v. Doe*, No. 116CV01060AWISKO, 2016 WL 6248267, at *3 (E.D. Cal. Oct. 25, 2016); *Malibu Media, LLC v. Doe, 319 F.R.D. 299, 303 (E.D. Cal. 2016); Malibu Media, LLC v. Doe*, No. 316CV00786JLSNLS, 2016 WL 9488778, at *3 (S.D. Cal. May 6, 2016); *Malibu Media, LLC v. Doe*, No. CV 13-12202, 2013 WL 12184289, at *2 (E.D. Mich. June 25, 2013); *Malibu Media, LLC v. Nowobilski*, No. 15-CV-2250 (KM)(MAH), 2016 WL 4059651, at *2 (D.N.J. July 26, 2016); *Malibu Media, LLC v. Powell*, No. 1:15-CV-1211, 2016 WL

• 14 Non-Malibu Pornography Cases[6]

• 14 Bit Torrent Cases (Non-Pornographic)[7]

_____

26068, at *1 (M.D. Pa. Jan. 4, 2016); *Malibu Media, LLC v. Doe*, No. CV 13-12224, 2013 WL 12180742, at *2 (E.D. Mich. June 5, 2013); *Malibu Media, LLC v. House*, No. 13-12218, 2014 WL 861599, at *1 (E.D. Mich. Mar. 5, 2014); *Malibu Media, LLC v. Doe*, No. 1:14-CV-02744, 2015 WL 1291458, at *1 (N.D. Ohio Mar. 23, 2015); *Malibu Media, LLC v. John Does 1-16*, 902 F. Supp. 2d 690, 695 (E.D. Pa. 2012); *Malibu Media, LLC v. Sanchez*, No. 13-12168, 2014 WL 172301, at *3 (E.D. Mich. Jan. 15, 2014); *Malibu Media, LLC v. Doe*, No. 14-CV-0932, 2015 WL 2451926, at *1 (E.D. Wis. May 21, 2015); *Malibu Media, LLC v. Doe 1*, No. CIV. PJM 12-1195, 2013 WL 5603275, at *1 (D. Md. Oct. 10, 2013); *Malibu Media, LLC v. Doe*, No. GJH-15-2918, 2016 WL 1562903, at *2 (D. Md. Apr. 18, 2016); *Malibu Media, LLC v. Doe*, No. 14-CV-00259-WYD-MEH, 2014 WL 1689935, at *5 (D. Colo. Apr. 28, 2014); *Malibu Media, LLC v. Sianturi*, No. 116CV01059AWISKO, 2017 WL 3328082, at *1 (E.D. Cal. Aug. 4, 2017); *Malibu Media, LLC v. Doe*, No. CV 15-8252 (FLW), 2016 WL 3876425, at *5 (D.N.J. July 14, 2016); *Malibu Media, LLC v. Does*, No. 8:12-CV-669-T-23AEP, 2012 WL 12905848, at *3 (M.D. Fla. July 6, 2012); *Malibu Media, LLC v. Does,* No. 8:12-CV-1823-T-30AEP, 2012 WL 12906525, at *3 (M.D. Fla. Oct. 23, 2012); *Malibu Media, LLC v. John Does 1-68*, No. 12 CV 6675, 2013 WL 5423872, at *1 (N.D. Ill. Sept. 27, 2013); *Malibu Media, LLC v. John Does 1-67*, No. 2:12-CV-267-FTM-99, 2012 WL 6720996, at *4 (M.D. Fla. Oct. 24, 2012), *report and recommendation adopted in part,* No. 2:12-CV-267-UA-SPC, 2012 WL 6720989 (M.D. Fla. Dec. 27, 2012); *Malibu Media, LLC v. Doe*, No. CIV.A. ELH-13-03438, 2015 WL 4775337, at *1 (D. Md. Aug. 13, 2015).

[6] See *PHE, Inc. v. Does 1-122*, No. 13-CV-786, 2014 WL 1856755, at *1 (N.D. Ill. May 7, 2014); *Third Degree Films v. Does 1-47*, 286 F.R.D. 188 (D. Mass. 2012); *Purzel Video GmbH v. Does 1-161*, No. 13 C 2504, 2013 WL 12310084, at *2 (N.D. Ill. June 4, 2013); *Zambezia Film Pty, Ltd. v. Does 1-65*, No. 13 C 1321, 2013 WL 4600385, at *2 (N.D. Ill. Aug. 29, 2013); *AF Holdings, LLC v. Does 1-1058*, 752 F.3d 990, 993 (D.C. Cir. 2014); *Patrick Collins, Inc. v. John Doe 1*, 945 F. Supp. 2d 367 (E.D.N.Y. 2013); *Third Degree Films, Inc. v. Does 1-72*, No. 12-CV-14106, 2012 WL 12931709, at *2 (E.D. Mich. Nov. 13, 2012); *Cooper v. Steele*, No. 13-CV-2622 SRN/LIB, 2014 WL 3734255, at *2 (D. Minn. July 29, 2014); *W. Coast Prods., Inc. v. Does 1-23*, No. CIV.A. 12-30087-MAP, 2013 WL 1092163, at *1 (D. Mass. Feb. 15, 2013), *report and recommendation adopted,* No. 12-CV-30087-MAP, 2013 WL 1092469 (D. Mass. Mar. 14, 2013); *Combat Zone, Inc. v. Does 1-84*, No. CIV.A. 12-30085-MAP, 2013 WL 1092132, at *1 (D. Mass. Feb. 20, 2013), *report and recommendation adopted,* No. 12-CV-30085-MAP, 2013 WL 1092458 (D. Mass. Mar. 14, 2013); *Combat Zone, Inc. v. Does 1-22*, No. CIV.A. 12-30086-MAP, 2013 WL 1092149, at *1 (D. Mass. Feb. 15, 2013), *report and recommendation adopted,* No. 12-CV-30086-MAP, 2013 WL 1092463 (D. Mass. Mar. 14, 2013); *Media Prod., Inc. v. Does 1-64*, No. CIV.A. 12-30083-MAP, 2013 WL 1092123, at *1 (D. Mass. Feb. 7, 2013), *report and recommendation adopted,* No. 12-CV-30083-MAP, 2013 WL 1091715 (D. Mass. Mar. 14, 2013); *Media Prod., Inc. v. Does 1-49*, No. CIV.A. 12-30084-MAP, 2013 WL 1092128, at *1 (D. Mass. Feb. 15, 2013), *report and recommendation adopted,* No. 12-CV-30084-MAP, 2013 WL 1092455 (D. Mass. Mar. 14, 2013); *Media Prod., Inc. v. Does 1-120*, No. CIV.A. 12-30100-MAP, 2013 WL 1092195, at *1 (D. Mass. Feb. 15, 2013), *report and recommendation adopted,* No. 12-CV-30100-MAP, 2013 WL 1092472 (D. Mass. Mar. 14, 2013).

[7] *ME2 Prods., Inc. v. Pumaras*, No. CV 17-00078 SOM/RLP, 2017 WL 4181344, at *6 (D. Haw. Sept. 21, 2017), *opinion amended and superseded*, No. CV 17-00078 SOM/RLP, 2017 WL 4707015 (D. Haw. Oct. 19, 2017); *ME2 Prods., Inc. v. Pumaras*, No. CV 17-00078 SOM/RLP, 2017 WL 4707015, at *6 (D. Haw. Oct. 19, 2017); *Crazy ATV, Inc. v. Probst*, No. 113CV00114RJSDBP, 2015 WL 7281695, at *12 (D. Utah Oct. 16, 2015), *report and recommendation adopted,* No. 1:13-CV-00114, 2015 WL 7274500 (D. Utah Nov. 17, 2015); *Countryman Nevada, LLC v. Does 1-46*, No. 14-CV-1381, 2014 WL 4947587, at *1 (N.D. Ill. Sept. 30, 2014); *UN4 Prods., Inc. v. Does 1-10*, No. 5:17-CV-155-MOC-DCK, 2017 WL 5195884, at *1 (W.D.N.C. Nov. 9, 2017); *Dallas Buyers Club, LLC v. Doe-73.25.80.53*, No. 3:15-CV-733-AC, 2015 WL 5568077, at *1 (D. Or. Sept. 22, 2015); *Night of the Templar, LLC v. Does 1-25*, No. 1:13-CV-396, 2013 WL 1500454, at *1–2 (N.D. Ohio Apr. 10, 2013); *Glacier Films (USA), Inc. v. Turchin*, No. 3:15-CV-01817-SB, 2016 WL 4251581, at *4 (D. Or. Aug. 10, 2016); *Cobbler Nevada, LLC v. Anonymous Users of Popcorn Time: Does 1–11*, No. 3:15-CV-01550-SB, 2016 WL 4238639, at *1 (D. Or. Aug. 10, 2016); *Killer Joe Nevada, LLC v. Does 1-12*, No. 1:13-CV-1038, 2013 WL 3458197, at *1 (N.D. Ohio July 9, 2013); *Killer Joe Nevada, LLC v. Does 1-19*, No. 1:13-CV-1039, 2013 WL 3458214, at *2 (N.D. Ohio July 9, 2013); *Safety Point Prod., LLC v. Does*, No. 1:12-CV-2812, 2013 WL 1367078, at *1 (N.D. Ohio Apr. 4,

In *Malibu Media, LLC v. Doe*, Judge Alvin K. Hellerstein invoked Professor Sag's definition from his 2015 Iowa Law Review article which roughly defined "copyright trolls" as "plaintiffs who are 'more focused on the business of litigation than on selling a product or service or licensing their [copyrights] to third parties to sell a product or service. The paradigmatic troll plays a numbers game in which it targets hundreds or thousands of defendants, seeking quick settlements priced just low enough that it is less expensive for the defendant to pay the troll rather than defend the claim.'" *Malibu Media, LLC v. Doe*, No. 15 CIV. 4369 AKH, 2015 WL 4092417, at *2 (S.D.N.Y. July 6, 2015) (citation omitted).

Judge Hellerstein invoked the Iowa Law Review's definition of "copyright troll" to address the abusive litigation practices of a particular plaintiff, Malibu Media, LLC which is: (a) a company; (b) in the pornography business; (c) targeting multiple John Does; (d) taking advantage of court-ordered discovery "to break the veil of anonymity that separates IP addresses from the account information of actual human beings"; and (e) using the acquired information to quickly negotiate settlements on mass scale without any intention of taking the case to trial.

According to Judge Hellerstein's application of the Iowa Law Review definition of "copyright troll," the "plaintiffs seemingly have no interest in actually litigating the cases, but rather simply have used the Court and its subpoena powers to obtain sufficient information to shake down the John Does . . . Malibu's motive is to use the federal courts only to obtain identifying information in order to coerce fast settlements." *Malibu Media,* 2015 WL 4092417, at *3 (citation omitted).[8]

---

2013); *Cobbler Nevada, LLC v. Cerritos*, No. 3:15-CV-01228-SB, 2016 WL 7177527, at *1 (D. Or. Dec. 9, 2016); *W. Coast Prods., Inc. v. Does 1-23*, No. CIV.A. 12-30087-MAP, 2013 WL 1092163, at *1 (D. Mass. Feb. 15, 2013), *report and recommendation adopted*, No. 12-CV-30087-MAP, 2013 WL 1092469 (D. Mass. Mar. 14, 2013); *Cobbler Nevada, LLC v. Gonzales*, No. 3:15-CV-00866-SB, 2016 WL 8677323, at *1 (D. Or. Dec. 2, 2016), *report and recommendation adopted*, No. 3:15-CV-866-SB, 2017 WL 44948 (D. Or. Jan. 4, 2017).

[8] Indeed, before the District Court issued its adverse decisions against Liebowitz, the media's use of the term "copyright troll" was relegated to commentary on the BitTorrent pornography cases. *See, e.g.*, Claire Suddath, *Prenda Law, the Porn Copyright Trolls,* Bloomberg Businessweek (May 30, 2013)

*Malibu's* application of the IOWA LAW REVIEW definition of "copyright troll" is consistent with the purpose of the original law review article, which was to comment on BitTorrent and multi-defendant John Doe cases brought by pornographers.  But when Professor Sag's definition is taken out-of-context from the BitTorrent / multi-defendant John Doe cases that it was intended to describe, it could easily apply to *any* copyright holder of *any* photograph, whose copyright is generally valued at less than $30,000.  In other words, if the IOWA LAW REVIEW definition is taken out-of-context, just about any individual who seeks to enforce a single copyrighted work in their photograph would be defined as a "troll."  That can't be right.

Based on a survey of existing caselaw and press reports, the term "copyright troll" is a defamatory label that has been relegated to describing plaintiff-companies, mostly in the adult film business, which abuse judicial process to "out" the identities of individual defendants who have accessed movies via the BitTorrent system.  None of the factors identified by Judge Hellerstein, as they pertained to Malibu Media, apply to Richard Liebowitz.  And, yet, the District Court inexplicably labeled him a "troll" in three separate proceedings.

### POINT III:   IN NON-BITTORRENT CASES, COURTS HAVE CONSISTENTLY EXCLUDED OR REJECTED THE TERM "COPYRIGHT TROLL"

Of the remaining ten (10) out of 85 cases which invoke the term "copyright troll," but which are not BitTorrent cases, eight out of ten rejected use of the term "copyright troll" to describe plaintiff or otherwise excluded it.  *See, e.g.*, *Hydentra HLP Int. Ltd. v. Luchian*, No.

---

[http://www.businessweek.com/articles/2013-05-30/prenda-law-the-porn- copyright-trolls]; Kashmir Hill, *How Porn Copyright Lawyer John Steel Has Made a 'Few Million Dollars' Pursuing (Sometimes Innocent) 'Porn Pirates',* Forbes (Oct. 15, 2012) [http://www.forbes. com/sites/kashmirhill/2012/10/15/how-porn-copyright-lawyerjohn-steele-justifies-his-pursuit-of-sometimes-innocent-porn-pirates]; Timothy B. Lee, *Judge tells copyright troll to put up or shut up on porn lawsuits,* Ars Technica (Oct. 9, 2012) [http://arstechnica.com/techpolicy/2012/10/judge-tells-copyright-troll-to-put-up-or-shut-up-on-porn-lawsuits/]; Gabe Friedman, *The Biggest Filer of Copyright Lawsuits? This Erotica Web* Site, New Yorker, May 14, 2014 [www.newyorker.com/business/currency/the-biggest-filer-of-copyright-lawsuits-this-erotica-web-site]; *Porn Companies File Mass Piracy Lawsuits: Are You at Risk?* U.S. NEWS AND WORLD REPORT (Feb. 2, 2012).

1:15-CV-22134-UU, 2016 WL 5942525, at *1 (S.D. Fla. May 31, 2016) (granting plaintiff's

motion *in limine* to exclude testimony and argument concerning plaintiff as a "copyright troll");

*Creazioni Artistiche Musicali, S.r.l. v. Carlin Am., Inc.,* No. 14-CV-9270 (RJS), 2017 WL

3393850, at *4 (S.D.N.Y. Aug. 4, 2017) ("the Court finds no evidence to support Defendants'

contention that Plaintiff is a copyright troll"); *Bell v. Taylor*, No. 1:13-CV-00798-TWP, 2014

WL 902573, at *2 (S.D. Ind. Mar. 7, 2014) ("They allege that they have been exposed to

embarrassment, inconvenience, and cost and that Mr. Bell is a 'copyright troll,' but these

allegations do not state a claim for abuse of process."); *Design Basics, LLC v. Drexel Bldg.

Supply, Inc.*, No. 13-C-560, 2016 WL 5794746, at *7 (E.D. Wis. Oct. 4, 2016), *on

reconsideration in part*, No. 13-C-560, 2017 WL 354258 (E.D. Wis. Jan. 24, 2017) (granting

plaintiff's motion to "exclude any reference to any suggestion that it is a frequent litigant,

a copyright 'troll,' or that litigating copyright claims is part of its business model."); *Novelty

Textile Inc. v. Wet Seal Inc.*, No. CV1305527SJOMRWX, 2014 WL 12603499, at *4 (C.D. Cal.

Oct. 22, 2014) ("This does not appear to be a case where a copyright troll is shaking Defendants

down with claims that are not meritorious. Rather, it appears that in this case there is real

infringement. There is no need for the jury to be presented with evidence that Plaintiff has filed

numerous lawsuits to discredit Plaintiff's case, since the Court has already determined that there

is actual, significant copyright infringement here."); *Minden Pictures, Inc. v. John Wiley & Sons,

Inc.,* No. C-12-4601 EMC, 2014 WL 1724478, at *8 (N.D. Cal. Apr. 29, 2014) ("Wiley seeks to

brand Minden with the odious 'Copyright Troll' label. . . The Court finds such hyperbole

unhelpful and slightly disingenuous. Minden is not an entity which exists solely for the purpose

of acquiring rights to pursue litigation. Rather, as the agency agreements in this case show, they

are a legitimate third-party licensing agent with longstanding ties to major photographers.");

*Janik v. SMG Media, Inc.,* No. 16CIV7308JGKAJP, 2018 WL 345111, at *14 (S.D.N.Y. Jan. 10,

17

2018) ("without specifics regarding the respective merits of these cases, filing volume does not necessarily signal an improper motivation in this case by counsel, let alone by Janik"); *BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 199 F. Supp. 3d 958, 988 (E.D. Va. 2016), *aff'd in part, rev'd in part*, 881 F.3d 293 (4th Cir. 2018) (excluding testimony of "terms like copyright troll, extortionist, blackmailer, and so on").[9]

In sum, before the District Court here labeled Liebowitz a "copyright troll," no federal court before it had ever directly affixed that label to a plaintiff (or his counsel) who wasn't litigating BitTorrent cases.

**POINT IV:** **GIVEN ITS HIGHLY PREJUDICIAL NATURE, COURTS ROUTINELY EXCLUDE DEFENDANTS' USE OF THE WORD "TROLL" IN THE CONTEXT OF JUDICIAL PROCEEDINGS**

Federal courts routinely exclude testimony and argument that attempt to use the derogatory term "copyright troll" on grounds that it is highly prejudicial. *See, e.g., Hydentra HLP Int. Ltd. v. Luchian*, No. 1:15-CV-22134-UU, 2016 WL 5942525, at *1 (S.D. Fla. May 31, 2016) ("The Court finds that the use of the term 'copyright troll,' as defined and used by both parties, is simply not relevant to the issues in this case. Even if this phrase was relevant, the Court agrees with Plaintiff that the use of this phrase carries a negative connotation, and the prejudicial use of this phrase would outweigh any probative value."); *Design Basics, LLC v. Drexel Bldg. Supply, Inc.,* No. 13-C-560, 2016 WL 5794746, at *7 (E.D. Wis. Oct. 4, 2016), *on reconsideration in part*, No. 13-C-560, 2017 WL 354258 (E.D. Wis. Jan. 24, 2017) (granting

---

[9] That leaves just two cases that are not either: (a) cases involving Bit Torrent; or (b) cases that rejected use of the term "copyright troll." In *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 691–92 (7th Cir. 2012), the 7th Circuit suggested that making expansive discovery requests "gives Brownmark the appearance of a 'copyright troll'."). And in *Design Basics, LLC v. Lexington Homes, Inc.*, 858 F.3d 1093, 1097 (7th Cir. 2017), the 7th Circuit suggested that the plaintiff Design Basics, LLC, an architectural firm that litigates "cookie cutter" home design plans, had "developed unsavory reputations for 'trolling,' bringing strategic infringement claims of dubious merit in the hope of arranging prompt settlements with defendants who would prefer to pay modest or nuisance settlements rather than be tied up in expensive litigation." But the court never actually labelled Design Basics, LLC a "copyright troll."

plaintiff's motion to exclude any reference to plaintiff being a copyright "troll"); *BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 199 F. Supp. 3d 958, 988 (E.D. Va. 2016), *aff'd in part, rev'd in part*, 881 F.3d 293 (4th Cir. 2018) (excluding testimony that refers to term "copyright troll").

Similarly, courts consistently exclude the use of the term "patent troll." *See, e.g., HTC Corp. v. Tech. Props. Ltd.*, No. 5-08-cv-00882, 2013 WL 4782598, at *4 (N.D. Cal. Sept. 6, 2013) (excluding the use of the phrase "patent troll" because of the "derogatory characterization"); *Rembrant Wireless Techs., L.P. v. Samsung Elec. Co.*, No. 2:13-CV-213-JRG-RSP, 2015 WL 627430, at *1 (E.D. Tex. Jan. 31, 2015) (excluding terms such as "patent troll" and "pirate," but allowing the introduction of evidence that plaintiff does not manufacture or sell its own products in the field); *Intellectual Ventures I LLC v. Symantec Corp.*, No. 10-1067-LPS, 2015 WL 82052, at *1 (D. De. Jan. 6, 2015) (excluding the use of the phrase "patent troll," but allowing evidence that plaintiff does not practice the patents-in-suit); *DNT, LLC v. Sprint Spectrum, LP*, No. CIV.A. 3:09CV21, 2010 WL 582164, at *4 (E.D. Va. Feb. 12, 2010) (granting motion *in limine* to exclude "patent troll" term "because the prejudicial impact outweighs any probative value").[10]

**POINT V:** **AFFIXING BROAD, DEFAMATORY STEREOTYPES TO AN ATTORNEY (AND HIS ENTIRE PRACTICE) UNDERMINES FUNDAMENTAL TENETS OF EQUALITY AND FAIRNESS**

---

[10] *See also Wisconsin Alumni Research Found. v. Apple, Inc.*, No. 14-CV-062-WMC, 2015 WL 13547000, at *1 (W.D. Wis. Sept. 30, 2015) (granting motion *in limine* to exclude use of "patent troll" and stating that "term 'non-practicing entity' does not carry the negative weight of 'patent troll' or similar terms"); *Digital Reg of Texas, LLC v. Adobe Sys., Inc.*, No. C 12-1971 CW, 2014 WL 4090550, at *12 (N.D. Cal. Aug. 19, 2014) (granting motion *in limine* to exclude use of "pejorative terms, such as 'patent troll' . . ., which [has] negative connotations); *Personalized User Model, L.L.P. v. Google Inc.*, No. CV 09-525-LPS, 2014 WL 807736, at *3 (D. Del. Feb. 27, 2014) (granting motion *in limine* to preclude use of the derogatory term "patent troll" to describe plaintiff); *SSL Servs., LLC v. Citrix Sys., Inc.*, No. 2:08-CV-158-JRG, 2012 WL 12906091, at *2 (E.D. Tex. May 24, 2012) (same); *DNT, LLC v. Sprint Spectrum, LP*, No. CIV.A. 3:09CV21, 2009 WL 5842058, at *1 (E.D. Va. Dec. 1, 2009) (same); *Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, No. 2:14-CV-911-JRG-RSP, 2016 WL 4718963, at *2 (E.D. Tex. July 12, 2016), report and recommendation adopted sub nom. *Core Wireless Licensing S.A.R.L v. LG Elecs., Inc.*, No. 2:14-CV-911-JRG-RSP, 2016 WL 4719791 (E.D. Tex. Sept. 8, 2016) (same); *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*, No. 2:13-CV-213-JRG-RSP, 2015 WL 627430, at *1 (E.D. Tex. Jan. 31, 2015) (same).

While it may be appropriate for a judge to express hostility towards counsel arising from his conduct in the specific matter before the court, judicial officers should not be allowed to continuously propagate *ad hominen* invectives or broad-sweeping stereotypes about an individual attorney and his practice and, by extension, every client he represents.   Federal courts recognize, for example, that use of racial stereotypes compromise "impartial decision-making":

> The judiciary, as an institution given a constitutional mandate to ensure equality and fairness in the affairs of our country when called on to act in litigated cases, must remain ever vigilant in its responsibility. **The obvious difficulty with prejudice in a judicial context is that it prevents the impartial decision-making that both the Sixth Amendment and fundamental fair play require.** A racially or religiously biased individual harbors certain negative stereotypes which, despite his protestations to the contrary, may well prevent him or her from making decisions based solely on the facts and law that our jury system requires.

*United States v. Heller*, 785 F.2d 1524, 1527 (11th Cir. 1986).  The same logic holds for *any* stereotype, whether racial or otherwise.  In the judicial context, use of negative stereotypes by a judge, a party, or member of the jury all tend to compromise the process because once a stereotype has been invoked, it is reasonable to conclude that any decisions rendered thereafter will be compromised by that stereotype and, thus, will not be based solely on the facts of the case.

Here, the District Court's invocation of the pejorative term "copyright troll" has caused the Liebowitz Law Firm undue hardship as the negative label assigned by the Court has been widely reported in the media.  [*See* Ex. D attached hereto]  Accordingly, granting the requested relief under Rule 60(b)(6) would be appropriate, particularly given that the District Court had no justification for invoking the stereotype in the first instance.

## CONCLUSION

Based on the foregoing, the District Court should GRANT Plaintiff's motion under Rule 60(b)(1), or in the alternative under Rule 60(b)(6), to REDACT the term "Copyright Troll"

from its decision and order, dated February 22, 2018 [Dkt. #21].

Dated: March 29, 2018

Respectfully submitted,

**s/richardliebowitz/**

Richard Liebowitz

*Counsel for Plaintiff*