```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
MATTHEW MCDERMOTT,                       :    17cv9230 (DLC)
                                         :
                    Plaintiff,           :    MEMORANDUM OPINION
                                         :        AND ORDER
          -v-                            :
                                         :
MONDAY MONDAY, LLC,                      :
                                         :
                    Defendant.           :
                                         :
---------------------------------------- X
```

DENISE COTE, District Judge:

On February 22, 2018, this Court denied the defendant's motion for attorney's fees in this case. McDermott v. Monday Monday, 17cv9230 (DLC), 2018 WL 1033240 (S.D.N.Y Feb. 22, 2018) ("February 22 Opinion"). Over a month later, plaintiff's counsel filed a motion pursuant to Fed. R. Civ. P. 60 objecting to the use of the term "copyright troll" in the February 22 Opinion to describe plaintiff's counsel. He requests that the term be "redacted" from the February 22 Opinion. The request is denied.

BACKGROUND

Plaintiff's counsel, Richard Liebowitz, has filed over 700 cases in this district since 2016 asserting claims of copyright infringment. The instant action was among their number. In this action, the plaintiff sued an Idaho limited liability

company based on the assertion that it had displayed the plaintiff's copyrighted photograph on its website. The defendant was served on November 30. Despite his obligation to do so, Mr. Liebowitz did not file on ECF either an affidavit reflecting service of the complaint or proof that he had served the initial pretrial conference notice on the defendant.

Moreover, despite the assertion in the complaint that the defendant "transacts business in New York," it appears that the defendant does not do so. On January 17, the defendant moved to dismiss for lack of personal jurisdiction. McDermott, 2018 WL 1033240, at *1. See also 17cv9230, ECF No. 12. Before opposition to the motion was due, the plaintiff voluntarily dismissed his suit. That same day, the defendant sought attorney's fees and costs. McDermott, 2018 WL 1033240, at *1. See also 17cv9230, ECF No. 18. In his opposition to the motion for attorney's fees and costs, Mr. Liebowitz did not suggest that he had any non-frivolous reason to believe that there was personal jurisdiction over the defendant in this district. For the reasons described in the February 22 Opinion, the Court in an exercise of its discretion denied the defendant's motion and declined to award fees against Mr. Liebowitz "on this occasion." McDermott, 2018 WL 1033240, at *3. The February 22 Opinion warned that should Mr. Liebowitz file any other action in this district against a defendant over whom there is no non-frivolous

basis to find that there is personal jurisdiction, "the outcome may be different." Id.

Despite the exercise of restraint in declining to impose sanctions against Mr. Liebowitz, Mr. Liebowitz has brought this motion.[1] He objects to the description in the February 22 Opinion of Mr. Liebowitz as a known copyright troll, id. at *3, and requests that the February 22 Opinion with that term "redacted."

DISCUSSION

Mr. Liebowitz brings his motion pursuant to Rule 60(b)(1) or 60(b)(6). Neither of these provisions applies. Each of them provides a limited avenue for relief from a judgment. Here, the plaintiff seeks no relief from the judgment; it voluntarily dismissed this action. Mr. Liebowitz is certainly not requesting that this Court revisit its decision to refrain from imposing sanctions upon him.

Under Rule 60, a court

> may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>     (1) mistake, inadvertence, surprise, or excusable neglect;

---

[1] On March 16, 2018, the Court denied the defendant's motion for reconsideration of the decision denying the request for sanctions.

3

>     . . .
>
>     (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Relief under Rule 60(b) is "generally not favored and is properly granted only upon a showing of exceptional circumstances."  <u>Insurance Co. of N. Am. v. Pub. Serv. Mut. Ins. Co.</u>, 609 F.3d 122, 131 (2d Cir. 2010) (citation omitted).

While Rule 60(b)(6) represents a "grand reservoir of equitable power to do justice in a particular case . . . that reservoir is not bottomless."  <u>Stevens v. Miller</u>, 676 F.3d 62, 67 (2d Cir. 2012) (citation omitted).  Accordingly, it is "properly invoked only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship . . . ."  <u>Nemaizer v. Baker</u>, 793 F.2d 58, 63 (2d Cir. 1986) (citation omitted).

Moreover, Rule 60(b)(6) applies only "when the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule and there are extraordinary circumstances justifying relief."  <u>Tapper v. Hearn</u>, 833 F.3d 166, 172 (2d Cir. 2016) (citation omitted).  Rule 60(b)(1) and Rule 60(b)(6) are "mutually exclusive, such that any conduct which generally falls under the former cannot stand as a ground for relief under the latter."  <u>Stevens</u>, 676 F.3d at 67 (citation omitted).  Thus, "[w]here a party's Rule 60(b) motion is premised on grounds

4

fairly classified as mistake, inadvertence, or neglect, relief under Rule 60(b)(6) is foreclosed." Id.

Even if it were appropriate to consider this request for a "redaction" under Rule 60, Mr. Liebowitz has failed to explain what the refiling of the February 22 Opinion with a redaction would accomplish. He has also failed to demonstrate that any modification to or redaction of the February 22 Opinion is warranted. His litigation strategy in this district fits squarely within the definition of a copyright troll.

The February 22 Opinion defined a copyright troll as follows:

> In common parlance, copyright trolls are more focused on the business of litigation than on selling a product or service or licensing their copyrights to third parties to sell a product or service. A copyright troll plays a numbers game in which it targets hundreds or thousands of defendants seeking quick settlements priced just low enough that it is less expensive for the defendant to pay the troll rather than defend the claim.

McDermott, 2018 WL 1033240, at *3 n.4 (citation omitted).

In the over 700 cases Mr. Liebowitz has filed since 2016, over 500 of those have been voluntarily dismissed, settled, or otherwise disposed of before any merits-based litigation. In most cases, the cases are closed within three months of the complaint filing. In some instances, cases were dismissed because Mr. Liebowitz failed to prosecute his clients' claims. See, e.g., Vincheski v. University of Minnesota et al., 16cv4590

(KBF), ECF No. 19 (S.D.N.Y. Sept. 9, 2016), (terminating the action after plaintiff failed to amend her complaint pursuant to a court order directing plaintiff to amend her complaint due to deficiencies in the dismissed original complaint). In other cases, judges have noted Mr. Liebowitz's unorthodox litigation practices. See, e.g., Cuffaro v. Nylon Media, Inc., 18cv1391 (GHW), ECF No. 11 (S.D.N.Y. Apr. 11, 2018) (noting that plaintiff, in a sworn affidavit in support of a default judgment, misstated key dates and urging "counsel for plaintiff to use greater caution and to avoid such clear errors when making submissions to the Court"); Kmonicek v. Daily Burn, Inc., 17cv497 (KPF), ECF No. 23 (S.D.N.Y. June 15, 2017) ("The Court is surprised to have received the above request [for an extension to file a stipulation of dismissal], which was not at all foreshadowed during yesterday's telephone conference. And the Court is hesitant to grant the parties' third extension request in order to accommodate what appear to be ministerial concerns not touching on the substance of the parties' settlement.") (emphasis in original) (each extension in the case was requested by Mr. Liebowitz). A number of Mr. Liebowitz's cases have been dismissed from the bench as frivolous. See, e.g., Cruz v. Am. Broad. Cos., 17cv8794 (LAK), 2017 WL 5665657, at *2 n.11 (S.D.N.Y. Nov. 17, 2017) (Judge Kaplan noted that he "awarded over $121,000 in attorney's fees against a client of

6

Mr. Liebowitz in three other, related copyright infringement cases that were dismissed from the bench.) (citing Kanongataa v. Am. Broad. Cos., 16cv7392 (LAK), 2017 WL 4776981, at *3 (S.D.N.Y. Oct. 4, 2017)). Multiple courts, on their own initiative, have ordered Mr. Liebowitz to show cause why he should not be required to post security for costs as a condition of proceeding further with an action. See, e.g., Pereira v. Kendall Jenner, Inc., 17cv6945 (RA), ECF No. 24 (S.D.N.Y. Jan. 4, 2018) (Mr. Liebowitz voluntarily dismissed the case before responding to Judge Abrams's Show Cause Order.); Cruz v. Am. Broad. Cos., 17cv8794 (LAK), 2017 WL 5665657, (S.D.N.Y. Nov. 17, 2017) (Mr. Liebowitz informed the court that the parties had settled the case before responding to Judge Kaplan's Show Cause Order.); Leibowitz v. Galore Media, Inc., 18cv2626 (RA) (HBP), 2018 WL 4519208 (S.D.N.Y. Sept. 20, 2018) (denying motion for reconsideration of order to post security for costs); see also Tabak v. Idle Media, Inc., 17cv8285 (AT), ECF No. 5 (S.D.N.Y. Oct. 31, 2017) (Judge Torres ordered Mr. Liebowitz to show cause why the action should not be transferred. Mr. Liebowitz voluntarily dismissed the case before responding to the Order to Show Cause.); Reynolds v. Intermarkets, Inc., 17cv8795 (AT), ECF No. 4 (S.D.N.Y. Nov. 14, 2017) (same). Mr. Liebowitz has been admonished for repeating arguments that "have no basis in law." Terry v. Masterpiece Advertising Design, 17cv8240 (NRB), 2018 WL

7

3104091 at *2 (S.D.N.Y. June 21, 2018). Mr. Liebowitz has also been sanctioned for failing to comply with court orders and for failing to produce materials during discovery. Romanowicz v. Alister & Paine, Inc., 17cv8937 (PAE) (KHP), ECF No. 24 (S.D.N.Y. June 22, 2018) (ordering Mr. Liebowitz to pay $200 to the Clerk of Court as a consequence of his failure to comply with an Order directing him to file an affidavit of service of a Default Judgment); Ferdman v. CBS Interactive, Inc., 17cv1317 (PGG), 2018 WL 4572241 (S.D.N.Y. Sept. 21, 2018) (discovery sanctions). Mr. Liebowitz has filed nearly 200 cases in this district in 2018 alone, often times filing multiple cases on the same day.

Nevertheless, Mr. Liebowitz argues that his conduct does not comport with the definition of term "copyright troll" because copyright trolls engage in a narrower type of behavior: specifically, multi-defendant John Doe litigation brought by the copyright holders of pornographic material. This argument is unavailing. First, simply because the term is also invoked in another type of case does not preclude its application here. Second, the article that Mr. Liebowitz cites for the proposition that the term applies to enforcers of copyrights in pornography explains that such practices are just "a particular kind of copyright trolling." Matthew Sag, Copyright Trolling, An Empirical Study, 100 Iowa L. Rev. 1105, 1108 (2015) (emphasis

added). The article, and courts that cite it, define the "essence of trolling" as something broader: "seeking quick settlements priced just low enough that it is less expensive for the defendant to pay the troll rather than defend the claim." Id.; see also Creazioni Artistiche Musicali, S.r.l. v. Carlin America, Inc., 14cv9270 (RJS), 2017 WL 3393850, at *4 (S.D.N.Y. Aug. 4, 2017). As evidenced by the astonishing volume of filings coupled with an astonishing rate of voluntary dismissals and quick settlements in Mr. Liebowitz's cases in this district, it is undisputable that Mr. Liebowitz is a copyright troll.

This Court has generally shown Mr. Liebowitz leniency, despite his questionable tactics. In this case, the Court declined twice to award the defendant attorney's fees. In another, the Court imposed a bond on Mr. Liebowitz's client in an amount that was less than a tenth of the request made by the defendant. See Reynolds v. Hearst, 17cv6720 (DLC), 2018 WL 1229840 (S.D.N.Y. Mar. 5, 2018). In yet another, the Court modified sanctions imposed on Mr. Liebowitz to "more directly address the deficiencies in [his] performance . . . and deter their repetition." Steeger v. JMS Cleaning Services, LLC, 17cv8013 (DLC), 2018 WL 1363497, at *3 (S.D.N.Y. Mar. 15, 2018).

In this case, the February 22 Opinion used an apt term to describe Mr. Liebowitz's copyright litigation practice. He has not shown that doing so has burdened him with any undue and

9

extreme hardship.  Press coverage that accurately summarizes the status and outcomes of Mr. Liebowitz's cases in this District does not present an undue and extreme hardship.  Nor does Mr. Liebowitz explain what the reissuance of the February 22 Opinion with a redaction would accomplish.

CONCLUSION

Mr. Liebowitz's March 29 motion to redact the term "copyright troll" from the February 22 Opinion is denied.

Dated:    New York, New York
          October 26, 2018

                                    _____
                                          DENISE COTE
                                    United States District Judge